Chivers, Jr., et al. *v.* School District of Mt. Lebanon, et al.

Argued October 30, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Alan Frank,* with him *Raymond Radakovich* and *Frank & Radakovich,* for appellants.

*Donald C. Bush,* with him *James C. Kletter* and *Griggs, Moreland, Blair & Anderson,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, December 5, 1972:

This is an appeal from an order of the Court of Common Pleas of Allegheny County which dismissed a complaint in equity by certain taxpayers who sought to enjoin the Mt. Lebanon School District and the Mt. Lebanon High School Authority from constructing a $15,000,000 addition to the township high school.

On November 30, 1972, the action was brought in behalf of "all tax payers [sic] and residents similarly situated" and alleged, *inter alia,* that the District and the Authority had acted arbitrarily, capriciously, contrary to the taxpayers' interests and in bad faith in planning and undertaking the project.

A confusing procedural picture then emerges. To the complaint the District and Authority filed preliminary objections in the nature of a demurrer raising issues of res judicata and laches. Without supporting opinion or revealing its reason for so acting, the lower court dismissed these preliminary objections by order which also granted leave to the District and Authority to file a responsive pleading. Thereupon, an answer with new matter was filed, which new matter raised res judicata, laches and estoppel as affirmative defenses. The taxpayers then replied to the new matter stating that these affirmative defenses "require no answer" on the grounds that the dismissal by the lower court of the original preliminary objections was res judicata of the defense of res judicata raised in the new matter. The District and Authority then filed preliminary objections to the taxpayers' reply to new matter in the nature of a demurrer, motion to strike, and motion for more specific pleading. The taxpayers did not attempt to amend their pleadings. After oral argument, in a memorandum opinion filed November 3, 1971, Judge WEIR sustained the demurrer and dismissed the taxpayers' complaint, noting the validity of the res judicata defense but basing the dismissal on the taxpayers' failure to responsively reply to the defense of res judicata raised in the new matter, which he considered to be an admission of the validity of that defense.

As evidenced by their pleading strategy and as argued before this Court on appeal, taxpayers take the position that the dismissal of preliminary objections to a complaint, which objections include issues of res judicata and laches, precludes the raising of such defenses in a later pleading.

Pa. R. C. P. No. 1030 requires affirmative defenses, including res judicata and laches, to be raised in a responsive pleading under the heading of New Matter.

An exception to this requirement has been declared to exist in those circumstances in which the complaint itself references a prior action rendering an assertion of res judicata apparent on its face; in this event, such a defense can be raised and properly disposed of by way of preliminary objections to the complaint. *Callery v. Blythe Township Municipal Authority,* 432 Pa. 307, 243 A. 2d 385 (1968); *Kiely v. J. A. Cunningham Equipment, Inc.,* 387 Pa. 598, 128 A. 2d 759 (1957). In the instant case, however, no such averments are found in the taxpayers' complaint. The District and Authority, therefore, clearly erred in raising issues of res judicata and laches by way of preliminary objections to the taxpayers' complaint. It does not follow, however, that such error, or the order of the lower court in dismissing preliminary objections, precludes these affirmative defenses from being raised at the proper time and in the proper manner. This was done by the District and Authority by their new matter in answer to the complaint, to which taxpayers responded by asserting that the court's prior dismissal of the original preliminary objections was res judicata of the defense of res judicata. Not to be outdone in obfuscating the essential issue of whether res judicata or laches precludes the present taxpayers' action, the District and Authority filed their second set of preliminary objections which produced the collateral issue of whether the taxpayers in their response to new matter thereby *admitted* that a prior action was res judicata of the present action.

"'New matter' pleading is designed to compel a plaintiff to answer the defendant's affirmative defenses during the pleading stage to avoid an unnecessary trial. If the plaintiff answers inadequately, a motion for judgment on the pleadings may be filed." Goodrich-Amram, Standard Pennsylvania Practice (1972 Supple-

ment), §1030-1 at 308, citing *Ruhe v. Kroger Company*, 425 Pa. 213, 228 A. 2d 750 (1967). Such a motion should have been employed by the District and Authority in this case to raise and decide the essential legal issue of res judicata based upon the admitted facts.

Notwithstanding these errors, no purpose would be served in remanding this case to the lower court for further proceedings. The pleadings contain sufficient undisputed facts upon which the lower court could have properly determined—and to which it did make passing reference—that as a matter of law the prior action is res judicata of the present one.[1] We, therefore, affirm the order of the lower court.

---

[1] Although perhaps dispositive of the case, we need not pass upon the issue of laches.