Mary Demetriou, Plaintiff *v.* John Carlin et al., Defendants.

Argued March 21, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DiSALLE, CRAIG and MAC-PHAIL.

*Bruce G. Cassidy,* with him, *Michael A. Marks,* for petitioners.

*Walter F. Froh,* Assistant Attorney General, Personal Injury Litigation Unit, with him, *John L. Sweezy,* Chief Attorney of Unit, *Theodore A. Adler,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE BOWMAN, November 29, 1979:

Mary Demetriou was injured July 29, 1976 when an automobile in which she was a passenger allegedly struck a barricade on Interstate I-95 within the City of Philadelphia. On May 23, 1977 she filed a complaint in trespass in the Court of Common Pleas of Philadelphia County against the Commonwealth and other named defendants.

The Commonwealth filed preliminary objections asserting sovereign immunity and the action was dismissed as to the Commonwealth for this reason.

On July 24, 1978 she brought a second action in trespass in this Court asserting the same cause of action against the same defendants, including the Commonwealth. The Commonwealth filed preliminary objections in this action again asserting sovereign immunity and also a want of specificity in the complaint. These objections were filed prior to passage of Act No. 152-1978.[1] After passage of that

---

[1] Act of September 28, 1978, P.L. 788, most of its provisions having been codified in several titles of the Pennsylvania Consolidated Statutes.

Act and prior to argument on the Commonwealth's preliminary objections, plaintiff Demetriou moved to transfer the case to the Court of Common Pleas of Philadelphia pursuant to its jurisdictional provisions with respect to allowable causes of action as enumerated in that Act. The Commonwealth objects to the transfer contending that dismissal of the original action in the Court of Common Pleas of Philadelphia County as against the Commonwealth has barred this second action against the Commonwealth, and that Section 5(d) of Act No. 152-1978 precludes any assertion that this Act revives the cause here asserted. It is not disputed that the cause as now asserted in this Court was brought within the statutory period of limitations for personal injuries.

As plaintiff does not argue that Section 5(d) revives her cause we need not reach this question. Rather, plaintiff contends that the judgment of the Court of Common Pleas of Philadelphia in dismissing the first action as against the Commonwealth is a nullity and void for want of jurisdiction.

A judgment rendered by a court not having jurisdiction over the subject matter has variously been characterized as void and of no legal efficacy, *Patterson's Estate*, 341 Pa. 177, 19 A.2d 165 (1941), a mere nullity, 20 P.L.E. *Judgments* §3 (1959), and being a usurpation of power, coram non judice, and thus void. 46 Am. Jur. 2d *Judgments* §20 (1969). On the other hand, a judgment rendered by a court enjoying subject matter jurisdiction is res judicata of the cause asserted. *Bearoff v. Bearoff Bros., Inc.*, 458 Pa. 494, 327 A.2d 72 (1974).

It is the application of these general rules to the unique role of the Commonwealth Court in the judicial system of Pennsylvania as prescribed by the legislature which poses the narrow issue before us. It is one of first impression and one that cannot be

resolved within the framework of traditional concepts of "subject matter" jurisdiction or "in personam" jurisdiction.

Initially it is to be noted that an order of court sustaining a preliminary objection and dismissing a cause of action as to a named defendant is a final and appealable order. *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975). Hence the order of the Philadelphia Court of Common Pleas, in the cause first asserted in that Court, dismissing the cause as against the Commonwealth from which no appeal was taken is res judicata of the second cause brought in this Court if its action is not void or a nullity.

At the time plaintiff suffered her injuries and at the time she initiated her first cause of action in the Court of Common Pleas of Philadelphia County, so far as "subject matter" jurisdiction is concerned, that court enjoyed jurisdiction over causes of action in trespass. Thus as against the named defendants other than the Commonwealth the cause was properly asserted in that court. However, at that time the Commonwealth enjoyed *exclusive original* jurisdiction over all actions and proceedings against the Commonwealth or an officer thereof. Section 401, Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673.[2]

Plaintiff thus chose to initiate the cause in the Court of Common Pleas against all named defendants at a time when the sovereign immunity of the Commonwealth was viable, and the Commonwealth, rather than questioning the jurisdiction of that Court over the Commonwealth, elected by preliminary objections to assert sovereign immunity. The Court of Common Pleas agreed and dismissed the cause as to the Commonwealth while retaining jurisdiction as to

---

[2] Now Section 761, Judicial Code, 42 Pa. C.S.A. §761.

483

the remaining defendants. Plaintiff neither appealed this ruling nor sought by a post order petition or motion a transfer to this Court of the cause as asserted against the Commonwealth.

Then came *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978) handed down July 14, 1978, in which our Supreme Court judicially abolished the doctrine of sovereign immunity. As noted above, plaintiff then initiated her second cause of action in this Court which prompted the Commonwealth to again assert sovereign immunity by way of preliminary objections. Shortly thereafter Act No. 152-1978 was enacted which not only legislatively reasserted sovereign immunity except as to enumerated causes, but also conferred *exclusive original* jurisdiction upon courts of common pleas as to such allowable causes against the Commonwealth.[3] This was followed by plaintiff's motion to transfer and the Commonwealth's opposition thereto.

Within traditional concepts of "in personam" jurisdiction and the want of legal efficacy of judgments rendered absent such jurisdiction, a named party to a cause of action may subject himself to the jurisdiction of the court. By doing so he thereby waives any in personam jurisdictional disability. By appearing and asserting sovereign immunity before the Court of Common Pleas of Philadelphia County in the first action it is our opinion that the Commonwealth elected to waive the jurisdictional defect of that court with respect to a cause asserted against the Commonwealth or an officer thereof. It chose, instead, to litigate an issue that was then germane. It did not choose to raise the want of jurisdiction of that court over a cause asserted against the Commonwealth, a choice that was available to it and one that

---

[3] Section 931, Judicial Code, 42 Pa. C.S. §931.

plaintiff, who initiated the action, cannot now be allowed to collaterally attack.

Nor do we believe that "subject matter" jurisdiction considerations afford a foundation for plaintiff's belated effort to revitalize, in light of subsequent events, a substantive issue decided against her in the first action and from which no appeal was taken. Both this Court and the Court of Common Pleas of Philadelphia County, when the first suit was there filed, had original jurisdiction over causes of action sounding in trespass. At that time our original jurisdiction was pronounced to be *exclusive* with respect to actions or proceedings against the Commonwealth or an officer thereof but common pleas courts continued to enjoy original jurisdiction as to such causes generally. Hence both this Court and common pleas courts then enjoyed original jurisdiction over the subject matter of causes sounding in trespass, our *exclusive* jurisdiction being predicated not as to the subject matter of the cause but rather upon the identity of the party against whom the suit is brought.

If traditional concepts of subject matter jurisdiction and in personam jurisdiction are to be applied to these unique jurisdictional considerations as between courts of common pleas and the Commonwealth Court, the very nature of the exclusivity of our jurisdiction —the identity of the person being sued—is such that it should be considered as one of "in personam" jurisdiction waivable by the Commonwealth. That plaintiff elected to sue the Commonwealth in a court of common pleas and at no time sought to transfer to this Court the cause there asserted against the Commonwealth lends weight to our conclusion. Pa. R.C.P. No. 213(f) was promulgated in recognition of this dilemma and affords a procedural device for its solution which plaintiff failed to utilize and which the Commonwealth chose not to utilize.

Judge DiSalle concurs in the result only.

ORDER

Now, November 29, 1979, plaintiff's motion to transfer the above cause of action as asserted against the Commonwealth to the Court of Common Pleas of Philadelphia County is hereby denied and the cause so asserted is dismissed.

As to the cause asserted against the remaining defendants, the same is hereby transferred to said court for further proceedings.

The Chief Clerk is hereby directed to transfer the record to the Prothonotary of said court, together with a certified copy of the docket entries and a copy of this Opinion and Order.

---

DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I respectfully, but emphatically, dissent.

Principles of fairness and equity demand that Mary Demetriou be given the opportunity to litigate her claim against the Commonwealth for damages which she sustained as a result of its allegedly negligent acts.

The majority, through application of the doctrine of *res judicata,* has concluded that Mary Demetriou is barred from further action against this state. The effect is to treat inequitably two plaintiffs similarly situated. As Judge DiSalle pointed out in his dissent in *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979), as a result of the Supreme Court's action in *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1979), Jim Mayle will be given the opportunity to proceed on the merits against the Commonwealth. Why should not Mary Demetriou be given the same opportunity? The facts of the two cases are strikingly similar.

In each instance we have a plaintiff injured because of allegedly dangerous road conditions, seeking relief in the courts against the perpetrator of that harm, the state, and denied the opportunity to litigate that claim because of the doctrine of sovereign immunity, later declared invalid. In the first instance, however, we would recognize the right to seek relief, while in the second, we would deny the existence of such right.

Moreover, the inequities become even more compelling when one examines the facts peculiar to this case. Mary Demetriou filed her initial complaint at the beginning of the applicable statute of limitations while the doctrine of sovereign immunity was still in effect. However, before the statute of limitations had run, the doctrine was abrogated and Act No. 152 enacted. Therefore, had she delayed filing her complaint for only a few months, her cause of action against the Commonwealth would not now be barred.

There are some who would argue that suits such as this must be barred because, if nothing else, the plaintiff has failed to preserve her right by following the prescribed Rules of Civil Procedure which required that she appeal from the original Common Pleas order dismissing her claim against the state rather than file a new action with this Court. They overlook that the major concern of the law and the courts is the fair and impartial administration of justice. Procedural rules are promulgated solely as a means for effectuating these ends. As any law, rules must be tempered by the circumstances which give rise to their pronouncement and to the extent that their application in a particular instance subverts their underlying principles, they must give way.

Accordingly, I would give Mary Demetriou her day in Court.

Application for reargument filed and denied.