Joseph G. Chamberlain and Travelers Insurance Company, Petitioners v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and William Brown, Respondents.

Argued October 6, 1980, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three. Reargued March 3, 1981, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, WILLIAMS, JR., CRAIG, MACPHAIL and PALLADINO.

*Charles S. Katz, Jr., Swartz, Campbell & Detweiler,* for petitioners.

*Frank W. Hayes,* for respondent, William Brown.

OPINION BY JUDGE ROGERS, April 29, 1981:

Joseph G. Chamberlain and Travelers Insurance Company (employer) appeal from an order of the Workmen's Compensation Appeal Board (Board), which sustained the order of a referee granting the prayer of a petition for modification filed by William Brown (claimant) and awarding total disability benefits.

Mr. Brown was earning $90.00 a week as a carpenter with the employer when he suffered a work-related injury to his left leg on November 9, 1966, on account of which he was paid total disability benefits of $52.50 a week. In December, 1967, the employer filed a petition for modification. After a hearing, a referee, by order dated November 6, 1968, awarded the claimant maximum partial disability benefits of $42.00 per week from August 1, 1967, through December 27, 1967, and thereafter, from December 28, 1967, onward, 13 percent partial disability benefits of $7.80 per week.

In March of 1971, the employer filed a petition for termination. A referee, by order dated May 22, 1974, dismissed the March, 1971, petition for termination and reaffirmed the November 6, 1968 order with the modification that the employer receive credit for payments made for six months during which the claimant was employed. The 350 week partial disability payment period ended April 15, 1974.

On or about December 11, 1974, the claimant filed a petition for modification, alleging that his partial disability had become a total disability as of March 1, 1972.[1] By order entered July 26, 1978, the referee agreed and awarded the claimant total disability benefits of $60.00 per week retroactive to March 1, 1972. The Board affirmed, and this appeal followed.

The petitioner contends that the Board erred in affirming the referee's retroactive award of compensation to a time prior to the date of the decision on the last previous petition involving the extent of the claimant's disability in violation of the doctrine of res judicata. The doctrine of res judicata requires a concurrence of four conditions: (1) identity in the thing sued upon or for; (2) identity of the cause of

---

[1] Section 413 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772.

action; (3) identity of person and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Robachiniski v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 89, 92, 380 A.2d 952, 953 (1977). When the referee rendered a decision as of May 22, 1974, on the employer's termination petition of March 5, 1971, the issue was whether the claimant continued to be 13% partially disabled. The referee was not then called upon to decide whether the claimant's disability had increased from 13% partial to total. The issue of this, the claimant's 1974 petition for modification claiming increase of disability from partial to total, is plainly different from the 1971 case and res judicata is no bar to the award of benefits for total disability from March 1, 1972, to May 22, 1974.

The employer argues that the claimant failed to meet his burden of proving that his disability as a result of his work-related injury had increased from 13 percent partial to total and that the referee's finding that the claimant has been totally disabled since March 1, 1972, was not supported by substantial evidence. As the moving party, the claimant had the burden of proving that this disability had increased after the November 6, 1968, award. *Cerny v. Schrader & Seyfried, Inc.,* 463 Pa. 20, 342 A.2d 384 (1975); *Airco-Speer Electronics v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 539, 333 A.2d 508 (1975). A claimant, having met this burden, is entitled to an award for total disability unless the employer shows that work is available which the claimant can perform. *Cerny v. Schrader & Seyfried, Inc., supra.*[2]

---

[2] The dissenting opinion states that the claimant must meet his burden in an increased disability case " 'by precise and credible evidence which [is] of a more definite and specific nature than that upon which initial compensation is based,' " quoting *Pittsburgh Des*

The claimant in this case testified that he had been unable to perform any kind of work after February of 1972 because of pain in his leg and that this pain, although always present after the 1966 injury, had markedly increased in 1972 and continued to worsen each year after 1972. Dr. Robert S. Wedeen, a highly qualified orthopedic surgeon who examined the claimant in 1967 and 1975, testified that the 1966 injury was the cause of the claimant's disability in 1975 and that because of this disability the claimant "would be unable to return to work as a carpenter." The claimant also testified that he had sought light work and been unable to obtain it due to his physical condition. The employer presented no evidence that work which the claimant was capable of performing was available. All this constituted substantial competent evidence that the claimant was totally disabled from 1972.

Finally, the employer contends that the Board erred in affirming the referee's award of total disability benefits at the rate of $60.00 per week from March 1, 1972, since the maximum total disability rate at the time of the claimant's injury on November 6, 1966, was $52.50 per week and the maximum total disability rate is determined on the date of the accident.

*Moines Steel Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 530, 534, 377 A.2d 833, 835 (1977). Before 1972 Section 434, upon which this standard was based, had required that "it be conclusively proved [by the claimant] that all disability due to the accident in fact had not terminated," language which was held to require "clear and convincing evidence." *Schneider v. Sears, Roebuck & Co.*, 206 Pa. Superior Ct. 282, 213 A.2d 83 (1965). In 1972 the word "conclusively" was deleted from the statute so that it would seem that the claimant's burden would now be only that of proving the increase of disability by a preponderance of the evidence. Even under the old standard, the claimant whose evidence was clear and convincing would not fail merely because the employer produced conflicting testimony. Here the claimant's proofs were clear and convincing to the compensation authorities and they seem so to us.

The Act of December 5, 1974, P.L. 782 effective July 1, 1975, provides:

> Any person receiving compensation under Sections 306(a), 306(b), 306(c)(23), or Section 307, as a result of an accident which occurred prior to the effective date of the amendatory act of January 17, 1968 (P.L. 6, No. 4) shall have the compensation rate adjusted to the level they would have received had the injury occurred on the effective date of the amendatory act of January 17, 1968 (P.L. 6, No. 4) and had the injured employe been earning wages equal to ninety dollars ($90) per week. The additional compensation shall be paid by the self-insured employer or insurance carrier making payment and shall be reimbursed in advance by the Commonwealth . . . 77 P.S. §583[3]

Under this "cost of living" provision the claimant was entitled to $60.00 per week for total disability but only from the effective date of the provision, July 1, 1975. Consequently, all total disability payments from the award between March 1, 1972, and July 1, 1975, would continue to be $52.50 per week with credit until April 15, 1974, of $7.80 a week for the partial disability payments made to the claimant by the employer. After July 1, 1975, the payments would be $60.00 per week. As the statute provides, the employer is entitled to reimbursement from the Commonwealth for the additional $7.50 per week over the original amount of the award.

Order affirmed as modified; an appropriate judgment order will be entered.

---

[3] Since the claimant is a person receiving compensation under 306(a) as a result of an accident which occurred before January 17, 1968, and was earning wages of ninety dollars per week at the time of the accident, he is entitled to have the rate of compensation adjusted to the level he would have received if the injury had happened on January 17, 1978—that is, $60.00.

ORDER

AND Now, this 29th day of April, 1981, the order of the Board appealed from is affirmed, but the same is modified as follows:

Compensation for total disability is directed to be paid by Joseph G. Chamberlain, employer, and Travelers Insurance Company, insurance carrier, at the rate of $52.50 per week from March 1, 1972, to July 1, 1975, with credit for partial disability payments of $7.80 per week from March 1, 1972, to April 15, 1974. Payments from July 1, 1975, shall be paid by the defendants at the rate of $60.00 per week with the right of the defendants to receive reimbursement from the Commonwealth for $7.50 per week as provided by Act 263 of 1974 (P.L. 782), and continuing into the future within the terms and limitations of the Act.

All deferred payments of compensation shall bear interest at the rate of 6 percent per annum in accordance with the terms and limits of the Pennsylvania Workmen's Compensation Act.

The employer and its insurance carrier shall pay 20 percent of all compensation and interest payable to the claimant, directly to the claimant's attorney, out of the claimant's award, and shall pay the balance of such compensation and interest directly to the claimant.

Judge WILKINSON, JR. dissents.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent.

The burden is on a claimant to establish by substantial evidence that the disability has "increased after the date of the prior award." *Harry Halloran Construction Co. v. Workmen's Compensation Appeal*

*Board,* 39 Pa. Commonwealth Ct. 272, 274, 395 A.2d 325, 326 (1978) (emphasis omitted). This proof must be made "by precise and credible evidence which [is] of a more definite and specific nature than that upon which initial compensation is based." *Pittsburgh Des Moines Steel Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 530, 534, 377 A.2d 833, 835 (1977). A modification proceeding cannot be used to relitigate the percentage of disability determined in a prior award. *Workmen's Compensation Appeal Board v. Booth & Flinn Co.,* 18 Pa. Commonwealth Ct. 369, 336 A.2d 448 (1975).

Here, claimant's sole medical witness, who had examined claimant both in 1967 and in 1975, did testify that claimant was unable to perform his prior carpentry job but failed to state whether, in his opinion, claimant's disability had *increased* after the date of the prior partial disability determination. Moreover, this witness admitted that claimant could perform light carpentry work. Although claimant testified that his pain had been increased each year after his injury, nevertheless, in view of claimant's other non-work-related diseases affecting his left leg (phlebitis and Paget's disease), I do not believe that claimant's lay testimony is sufficient to establish that his 1966 injury has caused the increased pain or its concomitant disabling effect. Under these circumstances, I must conclude that claimant's failure to produce medical testimony establishing a change from partial to total disability is fatal to claimant's position. *Klingler v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 335, 413 A.2d 432 (1980). *See also Morgan v. Giant Markets, Inc.,* 483 Pa. 421, 397 A.2d 415 (1979).

Accordingly, I would reverse the Workmen's Compensation Appeal Board's grant of total disability benefits to William Brown.

80

Judges WILLIAMS and PALLADINO join in this dissent.