In Re: Determination of Whether a De Facto Taking Has Occurred. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued October 6, 1983, before Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*Walter F. Cameron, Jr.,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Richard T. Williams, Sr.,* for appellee.

OPINION BY JUDGE BLATT, April 2, 1984:

The Department of Transportation (Department) appeals here an order of the Court of Common Pleas of Cambria County dismissing its preliminary objections to a petition filed by Lakeview Motel, Inc. (Lakeview) in which Lakeview sought a declaratory judgment pursuant to the Declaratory Judgments Act, 42 Pa. C. S. §§7531-7541.[1] The Department's preliminary objections alleged, among other objections, that jurisdiction properly lies with the Commonwealth Court pursuant to Section 761(a)(1) of the Judicial Code (Code), 42 Pa. C. S. §761(a)(1).[2]

An order dismissing preliminary objections is ordinarily interlocutory and, therefore, not appealable, *Husted v. Board of Directors of Wellsboro Area School District*, 57 Pa. Commonwealth Ct. 520, 427 A.2d 272 (1981), unless expressly made so by statute. *Griesinger v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 408, 414 A.2d 742 (1980). We must determine preliminarily, therefore,

---

[1] The petition for declaratory judgment filed by Lakeview requests that a decree be entered stating that the Department's actions constitute a de facto taking under the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§1-101—1-901. We note that Lakeview does have a remedy at law pursuant to Section 502(e) of the Eminent Domain Code, 26 P.S. §1-502(e), namely the filing of a petition for the appointment of viewers. And, although we do not presently address the merits of Lakeview's petition, we believe the form of action chosen by Lakeview is inappropriate and should be dismissed.

[2] The Department argues that an action for a declaratory judgment is equitable in nature and that when an equitable action is brought against the Commonwealth, original jurisdiction lies in the Commonwealth Court. Conversely, Lakeview submits that its declaratory judgment action "sounds" in eminent domain and, therefore, is an exception to the Commonwealth Court's original jurisdiction under Section 761(a)(1)(ii) of the Code, 42 Pa. C. S. §761(a)(1)(ii). Inasmuch as Lakeview has initiated a declaratory judgment action naming the state as a party, we have original jurisdiction under Section 761(a) of the Code, 42 Pa. C. S. §761(a).

whether or not any statutory authority exists which would afford the Department the right to appeal from the denial of its preliminary objections.

Section 5105(c) of the Code, 42 Pa. C. S. §5105(c) provides that the Supreme Court of Pennsylvania has the authority to promulgate general rules establishing rights to appeal from specific classes of interlocutory orders. The rules so promulgated under Section 5105 (c) include Pa. R.A.P. 311 which lists the interlocutory appeals that may be taken as of right, and Pa. R.A.P. 312 which provides for interlocutory appeals by permission.

Pa. R.A.P. 311(b) allows for an appeal:

as of right from an order in a civil action or proceeding sustaining the *venue of the matter or jurisdiction over the person or over real or personal property* if:

(1) the plaintiff, petitioner or other party benefitting from the order files of record within ten days after the entry of the order an election that the order shall be deemed final; or

(2) the court states in the order that a substantial issue of jurisdiction is presented. (Emphasis added.)

An appeal of right would exist, therefore, when the trial court's order overrules preliminary objections to its own in personam or in rem jurisdiction and either the plaintiff elected to treat the order as final or the trial court stated in the order that a substantial issue of jurisdiction existed.[3]

In the present appeal, the Department filed objections to the trial court's jurisdiction. And, in *Demetriou v. Carlin,* 47 Pa. Commonwealth Ct. 478, 408 A.2d 565 (1979), we held that:

---

[3] *City of Philadelphia v. Franklin Smelting & Refining Co.,* 303 Pa. Superior Ct. 393, 449 A.2d 745 (1982).

> If traditional concepts of subject matter jurisdiction and in personam jurisdiction are to be applied to [the] . . . unique jurisdictional considerations as between courts of common pleas and the Commonwealth Court, the very nature of the exclusivity of our jurisdiction—the identity of the person being sued—is such that it should be considered as one of "in personam" jurisdiction waivable by the Commonwealth.

*Id.* at 484, 408 A.2d at 568. Consequently, we believe that the Department's general objection to jurisdiction must be interpreted as an objection to the trial court's in personam jurisdiction. As such, the trial court's dismissal of the Department's preliminary objection to jurisdiction is appealable under the constraints of Pa. R.A.P. 311(b).

A thorough review of the record reveals that neither of the requirements imposed by Pa. R.A.P. 311(b) has been met. The comments to this rule, however, indicate that an alternative method to appeal an interlocutory order exists pursuant to Pa. R.A.P. 312 which, in turn, directs us to Chapter 13 (interlocutory appeals by permission) of the Rules of Appellate Procedure.[4]

Pa. R.A.P. 1311 establishes the procedure for perfecting interlocutory appeals by permission.[5] Pursuant to Pa. R.A.P. 1311(b), the interlocutory order being appealed must contain a statement prescribed by

---

[4] The comments to Pa. R.A.P. 311(b) read that:

If the plaintiff does not file an election to treat the order as final the case will proceed to trial unless either (1) the trial court makes a finding under Subdivision (b)(2) of the existence of a substantial question of jurisdiction and the defendant elects to appeal, (2) *an interlocutory appeal is permitted under Rule 312* or (3) another basis for appeal appears, e.g., under Subdivision (a)(1), and an appeal is taken. (Emphasis added.)

[5] Statutory authority for Pa. R.A.P. 1311 is found in Section 702(b) of the Code, 42 Pa. C. S. §702(b).

Section 702(b) of the Code, 42 Pa. C. S. §702(b), that the court or government unit issuing the interlocutory order opines "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter". If the interlocutory order contains such a statement, a petition for permission to appeal must be filed with the prothonotary of the appellate court within 30 days of the entry of the order.[6]

The order issued here by the Court of Common Pleas of Cambria County does not contain the statement prescribed by Section 702(b) of the Code. Nor, to our knowledge, has the Department sought to amend the said order to include the prescribed statement.[7]

We must conclude, therefore, that the order appealed from remains interlocutory. And, accordingly, we must quash the instant appeal.

## ORDER

AND Now, this 2nd day of April, 1984, the appeal of the Department of Transportation from the order

---

[6] We note that the comments to Pa. R.A.P. 1311 state that: Where the administrative agency or lower court refuses to amend its order to include the prescribed statement, a petition for review under Chapter 15 of the unappealable order of denial is the proper mode of determining whether the case is so egregious as to justify prerogative appellate correction of the exercise of discretion by the lower tribunal. If the petition for review is granted in such a case, the effect . . . is the same as if a petition for permission to appeal had been filed and granted, and no separate petition for permission to appeal need be filed.

[7] Pa. R.A.P. 1311(b) provides in pertinent part that an interlocutory order "may be amended to include the prescribed statement *at any time*, and permission to appeal may be sought within 30 days after the entry of the order as amended" (emphasis added).

of the Court of Common Pleas of Cambria County dated June 3, 1982, is hereby quashed.

---

DISSENTING OPINION BY JUDGE BARRY:

I dissent. This case is essentially an eminent domain case. Section 303 of the Eminent Domain Code of 1964 (Code) provides a "complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages thereof. . . ."[1] To allow a declaratory judgment proceeding herein would be contrary to the intent of the legislature which has created *specific* procedures for all eminent domain cases.

Analogous cases support this notion. In *Myers v. Department of Revenue*, 55 Pa. Commonwealth Ct. 509, 423 A.2d 1101 (1980), taxpayers sought a declaratory judgment regarding the constitutionality of Section 339 of the Tax Reform Code of 1971 (Tax Code),[2] which governs property assessments. We held that the constitutional challenge presented by the taxpayers was within the exclusive jurisdiction of the administrative tribunals of the Department of Revenue. The exclusive appeal procedure provided by the Tax Code vested jurisdiction in the Board of Appeals and the Board of Finance and Revenue and, therefore, the tax assessment appeals were within the exclusive jurisdiction of those Boards. Moreover, we determined, that the Declaratory Judgments Act (Act), 42 Pa. C. S. §7541(c)(2), provides for exceptions wherein declaratory relief is not available to a "proceeding within the exclusive jurisdiction of a tribunal other than a court." We concluded that the Board of Appeals and

---

[1] Act of June 22, 1964, Special Sess., P.L. 84 *as amended*, 26 P.S. §1-303.

[2] Act of March 4, 1971, P.L. 6, *added by*, Act of August 31, 1971, P.L. 377, 72 P.S. §7339.

Board of Finance each qualified as a "tribunal other than a court",[3] and that because a proceeding lies within the *exclusive* jurisdiction of either Board, declaratory relief was not available under the Act. *(See also: Department of General Services v. Briscoe,* Pa. Commonwealth Ct.    , 460 A.2d 367 (1983).)

The Code provides the exclusive procedure to govern condemnations of property for public purposes. A court of common pleas sits for a specific yet exclusive purpose under the Code and, therefore, constitutes a "tribunal" under Section 7541(c)(2) of the Act. Because the exclusive procedure provided by the Code vests jurisdiction in a court of common pleas to appoint a Board of View, Lakeview should have filed a petition for appointment of a Board of View in the court of common pleas to assert its claim of a de facto taking.

The choice of a declaratory judgment proceeding should not be permitted so as to confer original jurisdiction on this Court because this would be contrary to the provisions of the Judicial Code, 42 Pa. C. S. §761. I would sustain the preliminary objections and remand the case for hearing on the merits of whether a de facto taking of property occurred. Following this hearing, a party, if it felt aggrieved, could properly appeal to this Court under 42 Pa. C. S. §762. I would not allow a litigant to have a choice between the original and appellate jurisdictions of this Court.

The majority opinion, I believe, does not necessarily disagree with my conclusions but as footnote number one of the opinion points out, the merits of Lakeview's petition are not addressed. The footnote

---

[3] Section 102 of the Judicial Code, 42 Pa. C. S. §102, defines a tribunal as "[a] court, district justice or other judicial officer vested with the power to enter an order in a matter. The term includes a government unit, other than the General Assembly and its officers and agencies, when performing quasi-judicial functions."

270

concludes "we believe the form of action chosen by Lakeview is inappropriate." I would go one step further and sustain the preliminary objections since all matters relating to the exercise or purported exercise of the power of eminent domain are exclusively vested in a Board of View. *Gardner v. Allegheny County*, 382 Pa. 88, 114 A.2d 491 (1955); *Holmes Petition*, 383 Pa. 99, 117 A.2d 704 (1955). This is a matter of subject matter jurisdiction which should be decided by this Court.