518 A.2d 337

Carroll Township Authority, Appellant *v.* Municipal Authority of the City of Monongahela, Appellee.

Argued October 7, 1986, before Judges MacPhail, Colins and Palladino, sitting as a panel of three.

*George M. Lynch,* with him, *Paul N. Barna, Jr.,* for appellant.

*Mark A. Willard, Eckert, Seamans, Cherin & Mellott,* with him, *Jack H. France, Murphy & France,* for appellee.

Opinion by Judge MacPhail, December 4, 1986:

Carroll Township Authority (Carroll Authority) appeals from an order of the Court of Common Pleas of Washington County which dismissed a complaint filed by Appellant based on the court's conclusion that the

action was barred by the doctrine of res judicata. We affirm.

The pertinent history in this matter dates to 1971, when Carroll Authority entered into an agreement with the Municipal Authority of the City of Monongahela (Monongahela) for the transportation, treatment and disposal of wastewater from Carroll Township. Monongahela has been receiving and treating the wastewater since late 1978, when construction on an expanded wastewater treatment plant was completed.

In 1982, Monongahela filed a civil action against Carroll Authority seeking to collect unpaid charges which Monongahela alleged were due and owing by Carroll Authority under the terms of the 1971 agreement.

In 1983, Carroll Authority filed an action against Monongahela alleging that certain rates charged by Monongahela were unreasonable, lacking in uniformity and violative of Section 4(B)(h) of the Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §306(B)(h). Following the resolution of preliminary objections and the filing of an amended complaint, Carroll Authority filed a further pleading entitled Reply to Counterclaim in the Nature of New Matter, wherein it raised the claim which is central to the instant matter. That claim asserted Carroll Authority's right, upon the successful conclusion of its action challenging the sewage rates, to a credit against past sewage charges paid and a discount against future charges commensurate with the amount of legal fees incurred by Monongahela in litigating the extant suits. In short, Carroll Authority requested that the trial court prevent Monongahela from including its legal fees as an operating expense in the sewage rates charged to Carroll Authority. Carroll Authority claimed that any present or future legal fees incurred as a result of the subject litigation must be recouped from users other than itself.

Monongahela filed preliminary objections, including a demurrer, to the "New Matter." The trial court, by order dated April 22, 1985, sustained the demurrer ruling, in pertinent part, that "[s]ince we conclude that counsel fees are a necessary part of the operating expenses of [Monongahela], Carroll Authority may not assert any claim in the nature of a credit or any claim for future expenses." *Carroll Township Authority v. Municipal Authority of the City of Monongahela,* 65 Wash. 192, 194 (C.P. Pa. 1985).[1] Carroll Authority did not appeal from this ruling.[2]

On May 13, 1985, Carroll Authority filed a second action against Monongahela. The 1985 action alleges that the rates charged by Monongahela for calendar year 1985 are unreasonable in that they include $120,000 in operating expenses attributable to legal fees which "shall or might" arise solely as a result of the litigation between Carroll Authority and Monongahela. Monongahela filed preliminary objections to this complaint rais-

---

[1] The trial court also ruled that Carroll Authority's pleading "which is intrinsically a set-off to a counterclaim, or some type of counter-counterclaim" is not sanctioned by the Pennsylvania Rules of Civil Procedure. *Carroll Township Authority,* 65 Wash. at 193.

[2] We note that the trial court's April 22, 1985 order was final and appealable. Whether Carroll Authority's pleading be considered some type of counterclaim or a separate cause of action, the trial court's dismissal thereof was appealable. *Morrow v. Bell Telephone Co. of Pennsylvania,* 330 Pa. Superior Ct. 276, 479 A.2d 548 (1984); *Zivitz v. Centennial Road Properties, Inc.,* 328 Pa. Superior Ct. 79, 476 A.2d 462 (1984); *Demetriou v. Carlin,* 47 Pa. Commonwealth Ct. 478, 408 A.2d 565 (1979).

Carroll Authority indicates in its brief that the order is not yet appealable because it has not been reduced to judgment. However, "[o]rders sustaining preliminary objections, which are final, may be appealed as of right pursuant to Pa. R.A.P. 341(a), without resort to filing exceptions or reducing any order to judgment." *United States National Bank in Johnstown v. Johnson,* 506 Pa. 622, 630, 487 A.2d 809, 814 (1985).

ing, *inter alia,* the defense of res judicata.[3] The trial court agreed that the 1985 action was barred by res judicata and ordered the complaint dismissed on September 23, 1985. The instant appeal followed.

The sole issue raised by Carroll Authority on appeal is whether the trial court correctly concluded that the legal issue regarding counsel fees in the 1983 and 1985 actions were identical. Carroll Authority contends that the trial court's ruling in the 1983 action established only that legal fees incurred by Monongahela were properly included as an operating expense in calculating the sewage rate charge. The 1985 complaint, according to Carroll Authority, does not challenge the propriety of including counsel fees in the rate charge, but rather challenges the reasonableness of the dollar amount budgeted by Monongahela for such counsel fees in 1985.

The doctrine of res judicata requires the concurrence of four conditions: (1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of persons and parties to the action and (4) identity of the capacity or quality of the parties suing or being

---

[3] We observe that Pa. R.C.P. No. 1030 requires that an affirmative defense such as res judicata be raised as New Matter in a responsive pleading. An exception to this requirement arises where the complaint itself refers to a prior action, rendering the assertion of res judicata apparent on its face. *Milk Marketing Board v. Sunnybrook Dairies, Inc.,* 32 Pa. Commonwealth Ct. 313, 379 A.2d 330 (1977); *Chivers, Jr. v. School District of Mt. Lebanon,* 6 Pa. Commonwealth Ct. 622, 297 A.2d 187 (1972). Since Carroll Authority's complaint does not include a clear reference to the 1983 suit, it would appear that the defense of res judicata should have been raised by Monongahela in New Matter. Since Carroll Authority failed to challenge, by way of preliminary objection, the procedure followed by Monongahela, however, it was proper for the trial court to rule on the objections before it. *See Duquesne Slag Products Co. v. Lench,* 490 Pa. 102, 415 A.2d 53 (1980).

sued. *Chamberlain v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 72, 429 A.2d 110 (1981). The causes of action may be considered identical when in both the current and prior proceedings the subject matter and the ultimate issues are the same. *McCarthy v. Township of McCandless,* 7 Pa. Commonwealth Ct. 611, 300 A.2d 815 (1973). Moreover, where res judicata is applicable the scope of the bar "includes not only matters actually litigated but also all matters that should have been litigated." *Id.* at 617, 300 A.2d at 819.

Our review of the claims asserted by Carroll Authority in its 1983 "New Matter" and the 1985 complaint convinces us that the ultimate issue involved in both actions is the same. In the 1983 action, Carroll Authority requested that it not be charged, through increased sewage rates, for legal fees incurred or to be incurred by Monongahela in the subject litigation. In the 1985 action, Carroll Authority alleged that the inclusion of specified legal fees in Monongahela's operating charges for 1985 rendered the rates charged for that year unreasonable. It does not appear to this Court that the complaint challenges the actual amount paid or to be paid by Monongahela for legal services as being excessive. We note in this regard that at oral argument before the trial court "in response to interrogation by the court how the 1985 action differs from the prior action decided against it, counsel for Carroll Authority said, 'The figures are different.' " Slip op. at 4. We must conclude that such an argument is inadequate to establish a different cause of action and avoid the bar of res judicata.

Thus, the ultimate issue raised in both actions appears to be one and the same, to wit, whether *any* legal fees incurred by Monongahela in defending its rate charges may be passed on to Carroll Authority through their inclusion in operating expenses. This issue has, of

course, been finally and conclusively resolved against Carroll Authority by the trial court's April 22, 1985 order.

Even if the 1985 complaint could fairly be read as presenting a challenge only to the reasonableness of the amount budgeted by Monongahela for 1985 legal expenses, we would nevertheless conclude that the trial court's prior ruling constitutes a bar to the action. The trial court's ruling on the 1983 claim barred Carroll Authority from asserting "*any* claim in the nature of a credit or *any* claim for future expenses" generated by the subject litigation. *Carroll Township Authority,* 65 Wash. at 194 (emphasis added). We think that the broad language of this final and unappealed ruling serves to bar an action by the Carroll Authority[4] challenging the reasonableness of particular legal expenses incurred in the existing litigation between Carroll Authority and Monongahela.

The final matter for our consideration is Monongahela's request for an award of costs, including counsel fees incurred in the instant appeal. Monongahela asserts that Carroll Authority's appeal is frivolous and justifies an award for counsel fees under Section 2503(9) of the Judicial Code, 42 Pa. C. S. §2503(9) which provides that:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

. . . .

(9)   Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

---

[4] Our holding obviously does not bar actions by other parties who may contest the inclusion of unreasonable counsel fees in Monongahela's rate-making process.

We have previously adopted a definition of "vexatious" as being " 'instituted without sufficient grounds and serving only to cause annoyance.' " *Santoro v. City of Philadelphia,* 59 Pa. Commonwealth Ct. 114, 122, 429 A.2d 113, 117 (1981) (quoting Webster's New Encyclopedic International Dictionary). "Arbitrary" has been defined as "based on random or convenient selection or choice rather than on reason or nature." Webster's Third New International Dictionary 110 (1966). Counsel for Monongahela points to the fact that the brief filed by Carroll Authority in the instant appeal contains no citations to supporting legal authority as well as Monongahela's assertion that the instant challenge to the trial court's ruling was devoid of merit. While we, too, are troubled by the lack of appropriate citations in Carroll Authority's brief and expect adequate preparation by all counsel practicing before this Court, we do not think that an award of counsel fees is justified for that reason. Moreover, we believe that the issue raised by Carroll Authority in the instant appeal, though rejected by this Court on the merits, was substantial and cannot be described as arbitrary or vexatious. We, accordingly, deny Monongahela's request for counsel fees.

Order affirmed.

## ORDER

The order of the Court of Common Pleas of Washington County in the above-captioned matter is hereby affirmed and Appellee's application for counsel fees is denied.

---

DISSENTING OPINION BY JUDGE PALLADINO:

I respectfully dissent. The doctrine of *res judicata* cannot bar a subsequent challenge by the Carroll Township Authority (Carroll Authority) to the "reasonable-

ness" of the fees being charged by the Municipal Authority of the City of Monongahela (Monongahela Authority) because 1) Section 4 of the Municipal Authorities Act of 1945, Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. §306B(h), grants a statutory right to challenge the reasonableness or uniformity of any rates fixed by the Monongahela Authority; and 2) there is no "identity of the thing sued upon or for". *See* Maj. Op. at 3.

In pertinent part, 53 P.S. §306B(h) states:

B. Every Authority is hereby granted, and shall have and may exercise all powers necessary or convenient for the carrying out of the aforesaid purposes, including but without limiting the generality of the foregoing, the following rights and powers:

. . . .

(h) To fix, alter, charge and collect rates and other charges in the area served by its facilities at reasonable and uniform rates to be determined exclusively by it, for the purpose of providing for the payment of the expenses of the Authority, . . . Provided, . . . any person questioning the reasonableness or uniformity of any rate fixed by any Authority . . . may bring suit against the Authority in the court of common pleas of the county wherein the project is located. . . . The court of common pleas shall have exclusive jurisdiction to determine all such questions involving rates or service.

Under 53 P.S. §306B(h), Carroll Authority is granted a statutory right to challenge the reasonableness or uniformity of any rate fixed by the Monongahela Authority. Thus, while the trial court may be correct that Monongahela Authority can pass the counsel and engineering fees through to its customers via the rates it charges,

the trial court cannot bar a challenge to the "reasonableness" of the rates being charged.

Further, in order for the doctrine of *res judicata* to apply, the concurrence of the following four conditions must be present: "(1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the capacity or quality of the parties suing or being sued." Maj. Op. at 3-4. In the case at bar, there is no identity of the thing being sued for.

In *Carroll Township Authority v. Municipal Authority of the City of Monongahela*, 65 Wash. 192 (C.P. Pa. 1985), the trial court stated:

> Essentially, the matter of the legal fees which Monongahela Authority has been compelled to incur is the focus of the dispute. Carroll Authority insists it should not have to pay for the legal expenses of Monongahela Authority. If it prevails in the suit, Carroll Authority asks the court to give it a 'credit' against amounts previously paid by Carroll Authority for sewage treatment to the extent that the rates chargeable to Carroll Authority include legal expenses incurred by Monongahela Authority. Basically, Carroll Authority argues: You pay your legal expenses and we pay ours. . . .
>
> . . . .
>
> . . . If a party such as an authority is involved in a lawsuit, the party is bound to incur legal expenses. If Monongahela Authority must defend itself against a suit brought by Carroll Authority, its largest customer, then as a matter of necessity Monongahela Authority must increase its charges to all customers, including the customer who has sued it. Additional engineering and legal expenses are inevitable as part of

operating expenses, particularly when 'the expenses have resulted from charges incurred in self-defense.' Solar Electric Co. v. Pennsylvania PUC, 137 Pa. Superior Ct. 325, 382, 9 A.2d 447, 476 (1939). Probably the issue of substantial counsel fees has not arisen heretofore in that no substantial litigation has forced the Monongahela Authority to increase both its budget and its item for counsel fees. In the pleading which is before the court, Carroll Authority makes a claim or set-off not only for past counsel fees as a credit but also for future expenses, the ultimate effect of which would be to impose upon the ratepayers of Monongahela the legal expenses generated by the instant suit. If the court were to countenance such relief for each lawsuit, the result would be unreasonable and unmanageable.

Since we conclude that counsel fees are a necessary part of the operating expenses of the defendant, Carroll Authority may not assert any claim in the nature of a credit or any claim for future expenses. . . .

*Id.* at 193-194.

It is obvious from the above quoted language that the challenge by Carroll Authority was to the inclusion of *any* legal fees of Monongahela Authority in the rates charged to Carroll Authority if the latter was successful in its suit. The import of the holding of the trial court is that such credit or claim must be denied because, if sued, Monongahela Authority must, as a matter of necessity, increase its charges to all customers, including the customer who has sued it.

The case at bar is different. It challenges the "reasonableness" of the amount of attorney fees incurred in 1985 rather than the ability of Monongahela Authority to pass attorney fees through to Carroll Authority.

Therefore, because the "identity of the thing sued upon or for", Maj. Op. at 3, is not the same and because pursuant to 53 P.S. §306B(h) Carroll Authority has a statutory right to challenge the "reasonableness" of the rates charged by Monongahela Authority, the subject action is not barred by the doctrine of *res judicata*. The majority opinion would preclude any challenge of attorney or engineering fees regardless of how unreasonable. This I cannot countenance.