632 A.2d 1353

## SPRINGFIELD TOWNSHIP, BUCKS COUNTY BOARD OF SUPERVISORS

v.

Leo GONZALES, Robert E. Platt, II, Scott C. and Deborah K. Mease, Charles Mease, Leonard C. and Miriam Kramer, Raymond M. and Susanna Gross, Samuel A. and Jane L. Litzenberger, Daniel F. Rufe, Appellants.

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 1993.

Decided Oct. 5, 1993.

Reargument Denied Dec. 8, 1993.

---

Samuel A. Litzenberger, for appellants.

Joseph J. Scafidi, for appellee.

Before DOYLE and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

Leo Gonzales, Robert E. Platt, II, Scott C. and Deborah K. Mease, Charles Mease, Leonard C. and Miriam Kramer, Raymond M. and Susanna Gross, and Samuel A. and Jane L. Litzenberger (Appellants) appeal from an order of the Court of Common Pleas of Bucks County (trial court) dismissing a petition to recover counsel fees in the amount of $9,801.00 and costs in the amount of $764.07. We affirm in part and reverse in part.

The relevant facts in this case date back to October 18, 1985, when Springfield Township initially incorporated the Springfield Township Solid Waste Authority (Authority) to operate a recycling project in the Township. On May 8, 1990, however, the Township adopted a resolution stating its desire to acquire for itself all Authority assets and obligations.[1] The Authority then conveyed its assets, including all of its records and books, to the Township. The Authority's Chairman conveyed the records by actual delivery and also signed signature cards so that the Authority's bank accounts could be transferred to the Township. Among the assets physically delivered were the accounts receivable held by the Authority for services rendered up to May 7, 1990. Thereafter, the Township itself took over the recycling services and on February 27, 1991, it filed municipal liens in the amount of $38.65 against each of forty-six property owners, including Appel-

---

1. The resolution was adopted pursuant to Section 18(A) of the Municipality Authority Act (the Authority Act), Act of May 2, 1945, P.L. 382, as amended, 53 P.S. § 321(A), which states in relevant part:

   If a project shall have been established under this act ... and such municipality or municipalities desire to acquire the same, it or they may by appropriate resolution or ordinance adopted by the proper Authorities, signify its or their desire to do so, and thereupon the Authorities shall convey by appropriate instrument said project to such municipality or municipalities, upon the assumption by the latter of all the obligations incurred by the Authorities with respect to that project.

lants, for unpaid charges for recycling service rendered during the 1990 calendar year.

In response, Appellants filed a "Petition to Strike" the liens asserting that the liens were improper because the assets, including the accounts receivable, were not conveyed "by appropriate instrument" as required by the Section 18(A) of the Authority Act, 53 P.S. § 321(A). Appellants, however, never disputed that the recycling services were actually provided by the Township nor that the underlying charges were other than valid.

On November 6, 1991, the trial court struck the liens because the proper procedure, as set forth under Section 18(A) of the Authority Act, 53 P.S. § 321(A), was not strictly followed when the assets were conveyed to the Township. The trial court noted that the Township had not perfected its interest in the Authority's accounts receivable because, under the May 8, 1990 resolution, the Township only had a right to acquire the assets "by appropriate instrument." The trial court stated that an appropriate instrument would have been a written document formally expressing the intended transaction of conveying the accounts receivable and this had not been done. The trial court also found that the absence of an appropriate instrument was a result of the failure of the Authority under Section 18(A) of the Authority Act, 53 P.S. § 321(A), and that the underlying charges remained unaffected. The Township then prepared a written document and, after the Township filed a mandamus action, the Authority members signed the necessary documents. Thereafter, the Township filed new liens for the same year, 1990, and in the same amounts which were ultimately paid.

On November 15, 1991, Appellants filed a Petition for Costs, Attorney Fees and Sanctions before the trial court seeking, inter alia, counsel fees in the amount of $9,801.00 and costs in the amount of $764.07. After a hearing, the trial court on August 3, 1992, denied Appellants' petition and granted the Township's Motion to Dismiss. This appeal followed.

■ Before this court,[2] the sole issue presented for our review is whether the trial court erred in construing Section 9 of the Act of May 16, 1923, P.L. 207 (1923 Act), *as amended*, 53 P.S. § 7143 (pertaining to municipal claims and liens), as not including counsel fees. Section 9 of the 1923 Act is the statutory provision which mandates the charging of costs where a municipal lien is stricken. It provides as follows:

> Where, on final judgment upon said appeal, it appears that no amount is due upon the assessment for the recovery of which such claim is filed, the court in which such municipal claim is pending shall, upon the petition of any interested party, make an order striking such municipal claim from the record, *and charge the costs upon such claim to the plaintiff in the claim filed.*

53 P.S. § 7143 (emphasis added). Appellants argue that defining the term "costs" as found at Section 9 of the 1923 Act to exclude counsel fees violates the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991, because it results in an unreasonable, if not absurd result. Appellants urge this Court to adopt a "balancing of rights" test and conclude that a property owner who is successful in striking a lien can recover counsel fees as part of costs. In the alternative, Appellants claim that the liens were filed in a vexatious, arbitrary or bad faith manner, and maintain that the Township's actions during the entire litigation were dilatory, obdurate and vexatious thereby requiring an award of counsel fees under Section 2503 of the Judicial Code (Code), 42 Pa.C.S. § 2503.[3]

2. Our scope of review of a common pleas court's decision is limited to a determination of whether constitutional rights have been violated or whether the common pleas court abused its discretion or committed an error of law. *Jenkins v. McDonald,* 92 Pa.Commonwealth Ct. 140, 498 A.2d 487 (1985).

3. As statutory authority for this alternative argument, Appellants cite Section 2503(7) and (9) of the Code, 42 Pa.C.S. § 2503(7) and (9) which state:

§ 2503 **Right of participants to receive counsel fees**
The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
. . . .

■ As to whether counsel fees are within the term "costs," Section 1726 of the Code states:

(1) Attorney's fees are not an item or taxable costs except to the extent authorized by Section 2503 [of the Code] (relating to right of participants to receive counsel fees).

42 Pa.C.S. § 1726. Section 2503 of the Code states, in relevant part, that costs do *not* include counsel fees pursuant to Section 1726 of the Code unless the prevailing party can show the municipality's conduct during the matter was dilatory, obdurate or vexatious, or that its conduct in commencing the matter was arbitrary, vexatious or in bad faith.

■ Addressing Appellants' first argument, we conclude that, absent being authorized by Section 2503 of the Code, Section 7143 of the 1923 Act does not provide for the award of counsel fees. A statute must be given its plain and obvious meaning where the words are clear and unambiguous, *Hanley and Bird v. Commonwealth,* 139 Pa.Commonwealth Ct. 563, 590 A.2d 1382 (1991), and we must give effect to the legislature's intent as it was expressed in the language of the Act and cannot supply an omission in a statute where it appears that the matter has been intentionally omitted. *Huffman v. Borough of Millvale,* 139 Pa.Commonwealth Ct. 349, 591 A.2d 1137 (1991).

No ambiguity exists in the above-cited statutory provisions. Counsel fees are not included within costs unless authorized by Section 2503 of the Code. If the legislature had wished to explicitly include counsel fees within the term costs in Section 9 of the 1923 Act, it could have easily done so. Accordingly, we affirm the trial court on this point.

■ Next, we address Appellants contention that the liens were filed in an arbitrary, vexatious or bad faith manner.

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

. . . .

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

We have defined the term "vexatious" as being instituted without sufficient grounds and serving only to cause annoyance, *Carroll Township Authority v. Municipal Authority*, 102 Pa.Commonwealth Ct. 363, 518 A.2d 337 (1986), and "arbitrary" as being based on random or convenient selection or choice rather than on reason or nature. *Id.* "Bad faith," as that term has been defined, is fraud, dishonesty, or corruption. *Estate of Roos*, 305 Pa.Superior Ct. 86, 451 A.2d 255 (1982).

■ The trial court found that the Township Solicitor, who testified before the trial court, related that she relied upon the delivery of the Authority's assets and books as the foundation for filing the liens. The Township Solicitor stated that she construed one of our opinions, *Clearfield Borough v. Clearfield Borough Park Authority*, 4 Pa.Commonwealth Ct. 191, 285 A.2d 532 (1971), to mean that the Authority had a non-discretionary duty to convey to the Township by appropriate instrument its property and that such property could be deemed to be equitably owned by the Township upon passage of the May 8th resolution. The Township Solicitor also testified that she possessed a good faith belief that filing the liens was legally correct.

Reviewing the opinion in *Clearfield Borough*, and the relevant facts in this case, we conclude that the liens were not filed in an arbitrary, vexatious or bad faith manner. First, Appellants presented no evidence or documentation which would indicate any arbitrary, vexatious or bad faith action on the part of the Township. Further, it was undisputed before the trial court that the liens were substantively correct and were only struck because of a procedural defect. In fact, the liens were refiled and paid in full. These facts, coupled with a reasonable interpretation of *Clearfield Borough* by the Township Solicitor, do not rise to the level of bad faith nor demonstrate the lack of a sufficient evidentiary basis for the trial court's conclusions.

■ We further conclude that the Township's conduct was not dilatory, obdurate or vexatious. This matter was filed on

March 1, 1991, and resolved by an order of the trial court dated November 6, 1991. Our review of the record reveals no evidence suggesting that this entire matter was decided in anything less than an expeditious fashion.

■ Last, while we affirm the trial court's decision not to permit the recovery of counsel fees, we must, however, reverse in part. The trial court erred in dismissing Appellants' petition in its entirety because Section 9 of the 1923 Act clearly provides that a party who is successful in striking a municipal lien can recover costs. 53 P.S. § 7143. Here, Appellants successfully struck the liens filed by the Township because the Authority failed to follow the proper procedure when it conveyed the assets. Hence, we reverse in part and order the award of costs in the amount of $764.07 to Appellants.

### ORDER

NOW, October 5, 1993, the order of the court of common pleas of Bucks County is reversed insofar as it denied $764.07 in costs and this case is remanded for the court to award those costs. The order of the trial court is affirmed in all other respects.

Jurisdiction relinquished.