535 A.2d 1241

McGregor Architectural Iron Company, Petitioner *v.* Workmen's Compensation Appeal Board (Roach), Respondents.

Argued November 17, 1987, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*David E. Heisler, Lenahan & Dempsey, P.C.,* for petitioner.

*Brian James Walsh,* with him, *John W. Young, Young & Slocum,* for respondents.

OPINION BY SENIOR JUDGE BARBIERI, January 20, 1988:

McGregor Architectural Iron Company, Employer, appeals here an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's dismissal of a Modification Petition filed by Employer. We reverse.

The issue before us is a very simple one. Claimant, Robert Roach, was seriously injured on October 4, 1983 when he fell twenty-five feet while at work. Employer, in support of its Modification Petition, presented evi-

dence of job opportunities which were all deemed by the referee to be not acceptable and, therefore, not "available" to Claimant, *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987), except for a part-time job the referee found Claimant could perform, but which would pay only $60.30 per week. Since the Claimant's pre-injury wage was $643.70, and the receipt by Claimant of $60.30 per week would not reduce payment to him of the full amount previously payable for total disability,[1] there being thus no change in the weekly compensation rate,[2] the referee dismissed Employer's Modification Petition. On appeal the Board affirmed.

Defendant's sole contention on this appeal is that it is entitled to the reduction of disability status from total to partial, regardless of whether this changes the dollars payable by it, since changing the Claimant's basis for

---

[1] Section 306(a) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §511, the total disability section, provides weekly benefits at the rate of 66 2/3% of pre-injury wages "for the duration of total disability," with no limit in duration of such payments during the lifetime of the employe. While two-thirds of Claimant's pre-injury wage of $643.70, would be $429.14, Section 306(a) also limits the weekly amount to the "maximum compensation payable," which was $306.00 in 1983 when Claimant was injured. The amount actually paid this Claimant for his total disability was $306.00 per week.

[2] Section 306(b), 77 P.S. §512, provides that computation of weekly benefits for partial disability shall be two-thirds of the difference between the wages of the employe before the injury, here $643.70, and the "earning power of the employe thereafter." Here the difference between $643.70 and the "earning power" thereafter, $60.30 is $583.40, but Section 306(b) also provides that this partial disability "compensation shall not be more than the maximum compensation payable," which we have noted is $306.00 per week. Thus, as the referee properly noted, there would be no change in the weekly rate payable on the reduction of Claimant's disability status from total to partial.

payments from those required by The Pennsylvania Workmen's Compensation Act (Act),[3] from Section 306(a) to Section 306(b),[4] changes the maximum period for payments, reducing the liability time for partial disability[5] payments to 500 weeks. We must agree.

Since there is no question that Claimant is partially disabled, he is subject to the time limitation in Section 306(b), which contains the following provision:

> For disability partial in character . . . sixty-six and two-thirds per centum of the difference between the wages of the injured employe, . . . and the earning power of the employe thereafter; but such compensation . . . shall be paid during the period of such partial disability . . . *but for not more than 500 weeks.* (Emphasis added.)

Accordingly, we will reverse and remand on our holding that the Employer is entitled to an order reducing Employer's liability from total to partial. We need not order the application of 500 weeks' limitation, since it is statutory and thus automatic so long as Claimant's disability status does not change.[6]

## ORDER

NOW, January 20, 1988, the order of the Workmen's Compensation Appeal Board as of No. A-91049, dated July 3, 1986, is hereby reversed and the case is remand-

---

[3] *See* Footnote 1, above.

[4] *See* Footnotes 1 and 2, above.

[5] Claimant's present contention that he remains totally disabled cannot be considered by us, since no appeal was taken to the Board or to us from the referee's finding that Claimant was employable. Finding No. 7, R.R. 62a.

[6] We note that the status of an employe's disability is always subject to change, Section 413 of the Act, 77 P.S. §771-772, and any determination of disability status at any time is not res judicata. *Chamberlain v. Workmen's Compensation Appeal Board (Brown),* 59 Pa. Commonwealth Ct. 72, 429 A.2d 110 (1981).

ed for the entry of an Order reducing Employer's liability from total to partial with no change in the weekly amount of compensation, subject, however, to any future change that may be required by changes in circumstances agreed upon or ruled according to law.