This decision was reached prior to the expiration of the term of office of Judge DiSalle.

Commonwealth of Pennsylvania *v.* 1316, Inc. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued October 5, 1979, before Judges Rogers, Blatt and Craig, sitting as a panel of three.

*David Shotel,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, and *Edward Biester, Jr.,* Attorney General, for appellant.

*Michael D. Fioretti,* with him *A. Charles Peruto,* for appellee.

Opinion by Judge Craig, January 16, 1980:

The Pennsylvania Liquor Control Board (board) appeals from an order of the Court of Common Pleas of Philadelphia County remanding this case to the

board for reconsideration of the board-imposed penalty.

These proceedings began on November 15, 1977 when the board issued a citation to show cause why the restaurant liquor license for 1316, Inc. (licensee) should not be revoked. After hearing, the board ordered the license suspended for a period of 21 days on the ground that the licensee had refilled state store liquor bottles in violation of Section 491 of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-491. The suspension was ordered under Section 471 of the Code, 47 P.S. §4-471, which provides that if the present violation is a third or subsequent violation of the Code, occurring within a period of four years, the board shall impose a suspension or revocation.

The licensee appealed from the board's order, and after a de novo hearing, at which evidence not previously before the board was presented, the lower court remanded the matter to the board solely for reconsideration of the appropriateness of the length of the suspension.

The only issue which the board raises on appeal for our review, is whether the lower court abused its authority by remanding the case to the board.

However, this court's jurisdiction is limited by statute to appeals from final orders of the court of common pleas. 42 Pa. C.S. §762. An interlocutory order or decree is not appealable unless expressly made so by statute, *McGee v. Singley,* 382 Pa. 18, 114 A.2d 141 (1955) and in the absence of legislative authority to the contrary, appellate review can be had only of final orders, decrees or judgments.

Although the parties have not raised the issue, appellate jurisdiction of an interlocutory order may not be assumed, even with the consent of the parties. *Dames v. Pottstown Borough,* 212 Pa. Superior Ct.

516

178, 239 A.2d 815 (1968); *Sullivan v. Philadelphia,* 378 Pa. 648, 107 A.2d 854 (1954). *Stadler v. Mt. Oliver Borough,* 373 Pa. 316, 95 A.2d 776 (1953).

Therefore, we must quash, as interlocutory the board's appeal from the lower court's remand order.

ORDER

AND Now, this 16th day of January, 1980, the appeal by the Pennsylvania Liquor Control Board is quashed and the order of the Court of Common Pleas of Philadelphia County (Misc. Motion 78-032273) dated January 11, 1979, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.