Leon Bogus, Petitioner v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs February 1, 1982, to Judges MENCER, BLATT and DOYLE, sitting as a panel of three.

*David L. Hill,* for petitioner.

*Jason W. Manne,* Assistant Counsel, for respondent.

OPINION BY JUDGE MENCER, March 31, 1982:

Leon Bogus (petitioner) has appealed from a remand order of the Secretary of the Department of Public Welfare in his contest of a decision of the Philadelphia County Board of Assistance (Board) to change his level of nursing home care. We quash the appeal because it is premature and the remand order in question was not appealable.

The Board has been providing "skilled" nursing home care to the petitioner at the Cheltenham Nursing Center. On August 15, 1980, the Board notified the petitioner that it proposed to downgrade his level of care from "skilled" to "intermediate." The petitioner sought to contest this decision and requested a hearing pursuant to 55 Pa. Code §275.1(a). The hearing was held on October 24, 1980, but the Board failed to appear. Therefore, the petitioner's appeal was sustained by the hearing examiner. The Board requested a rehearing because, it alleged, it did not receive notice of the October 24 hearing until October 27, 1980. The Secretary granted this request and ordered the case remanded to the hearing examiner.

The law clearly states that a remand order by an administrative agency is interlocutory. *Commonwealth v. 1316, Inc.,* 48 Pa. Commonwealth Ct. 514, 410 A.2d 906 (1980). Interlocutory orders may not be appealed, absent specific statutory authority. Section 5105(c) of the Judicial Code, *as amended,* 42 Pa. C. S. §5105(c). The petitioner argues that Pa. R.A.P. 311(a)(1) provides the authority for the present appeal, but 311(a)(1) is not a *statute,* and it does not specifically authorize an appeal from a remand order.

It merely permits an appeal from an order opening a *judgment*.

Our decision to quash this appeal is also supported by sound judicial policy. The hearing examiner may well find that timely notice *was* provided to the Board, in which case his earlier decision will stand. On the other hand, he may find that timely notice was *not* provided but that the petitioner should prevail on the merits. In either case, the issues raised in this appeal would be moot.[1]

For this reason, we enter the following

### ORDER

AND Now, this 31st day of March, 1982, the appeal of Leon Bogus from the order of the Secretary of the Department of Public Welfare which remanded case No. 1428411-TA to the hearing examiner for further proceedings is quashed.

---

[1] Because the law is so clear, we are totally at a loss to explain why the Secretary's order contained the following language: "In the event the appellant takes issue with this Final Order, he may take an appeal therefrom to the Commonwealth Court of Pennsylvania within thirty (30) days from the date of this Final Order." This remand order was neither final nor appealable.