Jay Forrest Kratz, Jeffrey Kratz *v.* Board of Commissioners of Upper Gwynedd Township et al. Board of Commissioners of Upper Gwynedd Township, Appellant.

Argued February 1, 1985, before Judges DOYLE and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Robert J. Kerns, Landis, Williams & Kerns,* for appellant.

*George Q. Hardwick,* for appellees.

*James C. Sommar, Holl, Sommar & Tracy,* for intervenors.

OPINION BY JUDGE PALLADINO, March 5, 1985:

The Board of Commissioners of Upper Gwynedd Township (Board) appeals from an order of the Montgomery County Court of Common Pleas (trial court) which reversed a decision of the Board.

Appellees challenged the Upper Gwynedd Township Zoning Ordinance (Ordinance) on the ground that it unconstitutionally excluded mobile home parks, and requested a curative amendment which would allow Appellees to develop their parcel of land as a mobile home park. The Board dismissed Appellees' challenge and request for a curative amendment and instead enacted a new ordinance which allows mobile home parks.[1] Appellees appealed to the trial court which reversed the decision of the Board and remanded the case to the Board for consideration of an appropriate development plan acceptable to both parties.[2] The trial court retained jurisdiction during the pendency of the proceedings before the Board, stating that if the Township did not approve such a plan with-

---

[1] The parties disagree on whether the new ordinance would allow Appellees to develop their parcel as a mobile home park.

[2] The order of the trial court states that the development plan proposed by Appellees, although submitted to the Board, was not made a part of the record. The trial court was, therefore, unable to review it as provided by Section 1011 of the Municipalities Planning Code, Act of June 1, 1972, P.L. 333, No. 93, *as amended,* 53 P.S. §11011.

110

in ninety days the court would then grant appropriate relief.[3]

The Board asserts that jurisdiction is conferred upon the Commonwealth Court pursuant to 42 Pa. C. S. §762(a)(4). Our jurisdiction under this section, however, is limited to appeals from *final orders* of the courts of common pleas. *See* 42 Pa. C. S. §762. "[A]n adjudication must dispose of the entire case, end the litigation, or effectively put the litigant out of court in order for it to be considered a final and appealable order." *Weiss v. City of Philadelphia,* 65 Pa. Commonwealth Ct. 260, 266, 442 A.2d 378, 381 (1982) (citation omitted).

It is clear from our review of the trial court's order and the record that the adjudication did not dispose of the entire case, end the litigation, or effectively put the litigants out of court. To the contrary, the trial court remanded the case to the Board and retained jurisdiction for further proceedings in the event that the litigants were unable to reach an agreement. Further, the trial court did not order any relief but clearly contemplated further proceedings before the Board and/or the trial court to fashion such relief.

The order is, therefore, interlocutory in nature and is not appealable unless expressly authorized by statute.[4] *Commonwealth of Pennsylvania v. 1316, Inc.,* 48 Pa. Commonwealth Ct. 514, 410 A.2d 906 (1980). We note that even though the parties have not raised

---

[3] The trial court stated that in order to grant such relief it would review the development plan and hear oral argument regarding the application of the standards set forth in Section 1011(2) of the Municipalities Planning Code, 53 P.S. §11011(2).

[4] We note that the Pa. R.A.P. 311 and 312 authorize interlocutory appeals in specific situations. None of the enumerated situations are applicable, however, in the case before us.

this issue, "appellate jurisdiction of an interlocutory order may not be assumed, even with the consent of the parties." *Id.* at 515, 410 A.2d at 907.

We must, therefore, quash the Board's appeal.

ORDER

AND Now, March 5, 1985, the appeal by the Board of Commissioners of Upper Gwynedd Township is quashed.

Judge WILLIAMS, JR., did not participate in the decision in this case.