521 A.2d 90

Greisler Brothers, Appellant v. Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued December 9, 1986, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Lewis Kates, Kates & Mazzocone,* for appellant.

*Scott M. Olin,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE DOYLE, February 18, 1987:

This is the appeal of Greisler Brothers (Appellant) from an order of the Court of Common Pleas of Philadelphia County appointing a Board of Viewers in the Appellant's inverse condemnation case against the Department of Transportation (DOT). The court ordered the Board of Viewers to assess damages and dismissed Appellant's petition to establish December 1, 1969 as the date of condemnation, pending the recommendation of a date by the Board of Viewers.[1]

---

[1] In *Department of Transportation v. Greisler Brothers,* 68 Pa. Commonwealth Ct. 493, 449 A.2d 832 (1982), we affirmed the trial

This case has a long and tortuous procedural history which is recounted in *Department of Transportation v. Greisler Brothers*, 68 Pa. Commonwealth Ct. 493, 449 A.2d 832 (1982). The sole issue raised in the present appeal is whether the court of common pleas erred in directing the Board of Viewers to recommend a date of condemnation.

For the reasons which follow, we hold that this Court is without jurisdiction to consider the merits of Appellant's appeal.[2] The court of common pleas, pursuant to Section 504 of the Eminent Domain Code (Code),[3] appointed a Board of Viewers to assess damages and recommend a date of taking. Section 504 of the Code provides for the appointment of a Board of Viewers and states that "[a]ny objection to the appoint-

---

court's conclusion that Greisler Brothers is entitled to consequential damages and we wrote that the amount of those damages must be set by the Board of Viewers. Greisler Brothers then petitioned the court of common pleas, pursuant to Section 407 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-407, to compel DOT to file a Declaration of Estimated Just Compensation and if DOT failed or refused to comply, to appoint an impartial expert appraiser. In a second petition, Greisler Brothers requested the court to enter an order establishing December 1, 1969 as the date of condemnation. The court, however, pursuant to Section 504 of the Code, 26 P.S. §1-504, appointed a Board of Viewers and in the same order dismissed Greisler Brothers' petition to establish the date of condemnation, pending the recommendation of a date by the Board of Viewers.

[2] While DOT raised the issue of this Court's jurisdiction in its brief, it has not filed a motion to quash. We note, however, that such motion is unnecessary because an appellate court cannot (except in limited circumstances not present here, see n.4) assume jurisdiction over an interlocutory order. *Kratz v. Board of Commissioners of Upper Gwynedd Township*, 88 Pa. Commonwealth Ct. 108, 488 A.2d 670 (1985).

[3] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-504.

ment of viewers not theretofore waived may be raised by preliminary objections filed within twenty days after receipt of notice of the appointment of viewers." In *City of Philadelphia v. Airportels, Inc.*, 14 Pa. Commonwealth Ct. 617, 322 A.2d 727 (1974) we held that this language meant that all disputes of fact and law and all objections to the appointment of viewers should be raised by preliminary objections. Although in an inverse condemnation case these preliminary objections are generally filed by the condemnor, where, as here, the condemnee has raised such an issue with regard to the appointment of viewers, the procedure under Section 504 of the Code is the same and requires that the condemnee file preliminary objections to the lower court's order of appointment. Appellant, instead of filing preliminary objections, improperly filed an appeal to this Court.

Moreover, we also find that the order appealed from is not a final order; rather, it is an unappealable interlocutory order.[4] A final order terminates the litigation between the parties, disposes of the entire case, or precludes a party from presenting the merits of his or her claim. *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 319 A.2d 677 (1974). *See Kratz v. Board of Commissioners of Upper Gwynedd Township*, 88 Pa. Commonwealth Ct. 108, 488 A.2d 670

---

[4] Interlocutory orders are not appealable unless they fit within one of the following exceptions:

(1) interlocutory orders specifically enumerated as appealable in Pa. R.A.P. 311;

(2) interlocutory orders made appealable by statute or general rule, 42 Pa. C. S. §5105(c); Pa. R.A.P. 311(a)(7); or

(3) interlocutory orders where permission to appeal is granted by an appellate court, 42 Pa. C. S. §702(b); Pa. R.A.P. 312; Pa. R.A.P. 1311.

*See Department of Transportation Appeal*, 81 Pa. Commonwealth Ct. 262, 473 A.2d 262 (1984).

(1985). The appointment of a Board of Viewers with instructions to recommend a date of taking does not dispose of this case nor does it preclude a party from presenting the merits of his claim. Even with the failure to file preliminary objections, Appellant can appeal the date recommended by the Board of Viewers to the court of common pleas,[5] and the court may then on appeal "confirm, modify, change the report or refer it back to the same or other viewers."[6]

Since the order appealed from here is an unappealable interlocutory order, this appeal is quashed.

ORDER

NOW, February 18, 1987, the appeal of Greisler Brothers from the order of the Court of Common Pleas of Philadelphia County dated October 15, 1984 is hereby quashed.

---

[5] Section 515 of the Code; 26 P.S. §1-515.
[6] Section 517 of the Code; 26 P.S. §1-517.