534 A.2d 1148

Elizabeth Shuleski (Widow), Peter A. Shuleski (Dec'd) *v.* Wyoming Valley Improvement Co. and Commonwealth of Pennsylvania, Bureau of Workers' Compensation, Commonwealth of Pennsylvania, Bureau of Workers' Compensation, Appellant.

Submitted on briefs October 14, 1987, to Judges MACPHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Wanda Whare,* Assistant Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE MACPHIAL, December 23, 1987:

The Bureau of Workers' Compensation (Bureau) appeals from an order of the Court of Common Pleas of Luzerne County (trial court) which remanded this case to the Workmen's Compensation Appeal Board (Board) to allow Elizabeth Shuleski (Claimant) an opportunity to present further medical testimony. For the reasons which follow, we quash the Bureau's appeal.

Claimant's husband, Peter Shuleski (Decedent) received benefits during his life pursuant to The Pennsyl-

vania Occupational Disease Act (Act)[1] from May, 1962, when it was determined that he was totally disabled from anthracosilicosis, until his death on May 12, 1982. Decedent's death certificate lists "Metastatic Anaplastic Carcinoma" as the immediate cause of death and it lists, *inter alia,* anthracosilicosis among the "other significant conditions contributing to death but not related to the immediate cause."

Claimant filed a fatal claim petition under the Act alleging that Decedent died as a result of anthracosilicosis. Following a hearing on the matter, a referee found as fact that Decedent's death was caused by anthracosilicosis and he awarded benefits. The Board affirmed the referee on appeal citing *Evon v. Workmen's Compensation Appeal Board (U.S. Steel Corp.),* 70 Pa. Commonwealth Ct. 325, 453 A.2d 55 (1982), for the proposition that the occupational disease need not be the sole cause of death to be compensable but that it need only be causally related to the death. The Bureau appealed to the court of common pleas which ordered a remand to permit Claimant to present further medical testimony because the standard enunciated in *Evon* had been rejected during the course of Claimant's appeal by *McCloskey v. Workmen's Compensation Appeal Board,* 501 Pa. 93, 460 A.2d 237 (1983) and the parties agreed that the record testimony would not support an award of death benefits under *McCloskey.*[2] It is from the trial court's remand order that the Bureau has now appealed.

---

[1] Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §§1201-1603.

[2] Where there are multiple causes of death and the immediate cause is non-compensable, *McCloskey* provides that the death is still compensable if it can be established that the deceased suffered from an occupational disease and that the disease was a substantial, contributing factor among the secondary causes in bringing about the death.

This Court's jurisdiction over the instant appeal is governed by Section 762(a)(4) of the Judicial Code (Code), *as amended*, 42 Pa. C. S. §762(a)(4) and is limited to appeals from *final orders* of the courts of common pleas.[3] We have held that a final order is one which disposes of the entire case, ends the litigation, or effectively puts the litigant out of court. *Kratz v. Board of Commissioners of Upper Gwynedd Township*, 88 Pa. Commonwealth Ct. 108, 488 A.2d 670 (1985).

In the present case, it is clear that the trial court's remand order does not end the litigation or put the litigants out of court but rather permits Claimant an opportunity to meet the more stringent standard enunciated in *McCloskey*. Accordingly, the order is interlocutory in nature and is not appealable unless an appeal is expressly authorized by statute.[4] *Kratz*. Finding no express statutory authorization for the instant appeal, we must quash it as interlocutory.[5] *Id.; Commonwealth v. 1316, Inc.*, 48 Pa. Commonwealth Ct. 514, 410 A.2d 906 (1980).

---

[3] We note that the Bureau asserts that jurisdiction is conferred on this Court pursuant to Section 763(a) of the Code, 42 Pa. C. S. §763(a), however, that section pertains to our jurisdiction over appeals from final orders of *government agencies*. The instant appeal is from a court of common pleas and as such our jurisdiction is pursuant to Section 762(a)(4).

[4] We note that Pa. R. A. P. 311 and 312 provide for interlocutory appeals in certain circumstances none of which are applicable here.

[5] We note that Claimant, the party who would most likely raise the issue of jurisdiction in this case, did not file a brief or participate in any way in the present appeal before this Court. Further, even though the issue of jurisdiction was not raised by the Bureau, this Court may not assume appellate jurisdiction of an interlocutory order even with the party's consent. *Kratz; 1316, Inc.*

ORDER

The appeal of the Bureau of Workers' Compensation in the above-captioned matter is quashed.