**William GERG and Jerome Gerg, Jr.**

**v.**

**TOWNSHIP OF FOX, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 10, 2014.

Decided Jan. 6, 2015.

Damion J. Bevacqua, Ridgway, for appellant.

Thomas G. Wagner, St. Marys, for appellees.

BEFORE: BONNIE BRIGANCE LEADBETTER, Judge, and PATRICIA A. McCULLOUGH, Judge, and JAMES GARDNER COLINS, Senior Judge.

OPINION BY Judge LEADBETTER.

The Township of Fox appeals from an order of the Court of Common Pleas of the 59th Judicial District (Elk County Branch) determining that the Township effected a *de facto* condemnation of the Gergs' property for a public right-of-way easement consisting of 6507.75 square feet. We consider here the effect of an order entered pursuant to Sections 502(c)(2) and (3) of the Eminent Domain Code (Code),[1] which provide as follows:

> (c) *Condemnation where no declaration of taking has been filed.—*
>
> . . . .
>
> (2) The court shall determine whether a condemnation has occurred, and, if the court determines that a condemnation has occurred, the court shall determine the condemnation date and the extent and nature of any property interest condemned. [no prior version in former Code]
>
> (3) The court shall enter an order specifying any property interest which

has been condemned and the date of the condemnation. [no prior version in former Code]

For the reasons that follow, we conclude that common pleas' order is interlocutory and, accordingly, quash the Township's appeal.

■ The background of this matter is as follows. The Gergs' farm property is bisected by a public road known as Hogback Road. In July and August 2008, the Township engaged in construction activities on and around that road for purposes of reconstruction, widening and paving. In October 2009, the Gergs filed a civil complaint against the Township seeking monetary damages of approximately $40,000, and alleged that the Township's removal of topsoil and dirt was either willful or negligent. They additionally alleged that the Township trespassed on their property and removed a large quantity of topsoil and dirt.

In response, the Township filed a motion for summary judgment maintaining, *inter alia,* that the dispute involved a *de facto* taking and that the Gergs' remedy lay in the Code. Common pleas granted summary judgment in favor of the Township and held that the widening and paving of the road, which resulted in the removal of topsoil and fill, was in the nature of a *de facto* taking. Accordingly, relying on *Fulmer v. White Oak Borough,* 146 Pa. Cmwlth. 473, 606 A.2d 589 (1992), common pleas determined that the Gergs' cause of action could only be brought under the Code. In *Gerg v. Township of Fox,* (Pa. Cmwlth., No. 2353 C.D. 2010, 2011 WL 10858499, filed July 21, 2011), we affirmed

---

1. Sections 502(c)(2) and (3) were added by Section 1 of the Act of May 4, 2006, P.L. 112, No. 34, 26 Pa.C.S. §§ 502(c)(2) and (3), and became effective on September 1, 2006. There are no prior versions of Sections 502(c)(2) and (3) in Section 502(e) of the former Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* formerly 26 P.S. § 1–502(e). The former Code was repealed by Section 5 of the Act of May 4, 2006, P.L. 112. Section 1 of the Act of May 4, 2006, No. 34, *enacted the consolidated Code.*

based on the well-reasoned opinion of the Honorable John B. Leete (59th Judicial District, No. 1023 of 2009, filed October 6, 2010).

In November 2010, during the pendency of the Township's first Commonwealth Court appeal, the Gergs filed a petition for appointment of viewers. Alleging that the Township condemned a portion of their property when it expanded and improved Hogback Road in 2008, they requested that common pleas conduct proceedings pursuant to Section 502(c)(2) of the Code and appoint viewers to ascertain just compensation. There were no preliminary objections and common pleas entered an order appointing a board of viewers on November 10, 2010. There were, however, motions challenging the appointment of one of the viewers, a joint motion to substitute a viewer and several motions for continuance. Although the chairman of the board issued a notice of viewers hearing in July 2012, the board never convened. Instead, the board hearing was continued at the parties' request.

Subsequently, in September 2012, the Gergs filed a motion renewing their request for a Section 502(c)(2) hearing. After a series of hearings conducted between January and August 2013, common pleas determined that a *de facto* condemnation had occurred and that the Township took 6507.75 square feet from the Gergs' property that was outside of the Township's existing road right-of-way. Accordingly,

the Honorable Francis J. Fornelli, in his August 2013 order, referred the matter to a board of viewers to determine just compensation and damages and directed the Township to file an estimate of just compensation. Instead, the Township filed a motion for post-trial relief, requesting a new trial or modification of common pleas' August 2013 order.[2] In response, the Gergs filed a motion to strike the Township's motion.[3] The Township filed the above-captioned appeal in September 2013, challenging common pleas' acceptance of the opinions of the Gergs' surveyor.

In December 2013, the Gergs filed an application to strike the above-captioned appeal, asserting that common pleas' August 2013 order was interlocutory and that Pennsylvania Rule of Appellate Procedure 311, pertaining to interlocutory appeals as of right, was inapplicable. After argument on the Gergs' application to strike and the Township's answer thereto, the Honorable Keith B. Quigley entered an order directing that the issue be submitted to a panel of this Court for disposition with the merits and noted as follows: "It appears to the Court that the Eminent Domain Code ... fails to provide any guidance as to whether the court's determination of a *de facto* taking ... constitutes an appealable order." January 3, 2014 Order at 1.

In determining whether an order entered pursuant to Section 502(c)(3) of the Code constitutes a final and appealable order, we note that Section 762(a)(6) of the Judicial Code, 42 Pa.C.S. § 762(a)(6), pro-

2. The Township averred that common pleas' ruling was based on insufficient evidence, was against the weight of the evidence and was contrary to law. Specifically, the Township alleged as follows: 1) the evidence did not support a determination that placed the Gergs' property to the west of Hogback Road; 2) the law requires that courses and distances must give way to monuments and the Gergs' property description names Hogback Road as a monument; 3) the determination of whether something is a monument is a question of

law and common pleas' determination was contrary to the legal definition; 4) the Gergs failed to produce evidence that they were the legal owners and substantially deprived of the use and enjoyment of their property; and 5) common pleas erred in adopting a drawing prepared by surveyor Thomas E. Gusky.

3. In November 2013, common pleas granted the motion to strike.

vides that this Court has jurisdiction over appeals from final orders of courts of common pleas in eminent domain proceedings. Further, we have held that the Eminent Domain Code provides the *exclusive* method and practice governing eminent domain proceedings, including *de facto* takings, *Linde Enterprises v. Lackawanna River Basin Sewer Authority*, 911 A.2d 658, 661 (Pa.Cmwlth.2006), and that preliminary objections are the exclusive method of raising objections to a petition for appointment of viewers alleging a *de facto* taking, *Genter v. Blair County Convention and Sports Facilities Authority*, 805 A.2d 51, 55 (Pa.Cmwlth.2002). Preliminary objections in *de facto* taking cases have a unique purpose, which renders final and appealable a trial court order overruling preliminary objections to a petition for the appointment of viewers. *Dep't of Transp. v. Mano*, 149 Pa.Cmwlth. 337, 613 A.2d 119, 122 (1992). In that regard, Pennsylvania Rule of Appellate Procedure 311(e) provides that an appeal may be taken as of right from an order overruling preliminary objections to a petition for appointment of viewers.[4] Where a party fails to file preliminary objections, we lack jurisdiction to consider that party's appeal. *Greisler Bros. v. Dep't of Transp.*, 104 Pa.Cmwlth. 103, 521 A.2d 90, 91 (1987).

In the present case, the Township did not file preliminary objections in 2010 following common pleas' order appointing the viewers. Instead, it filed a motion for post-trial relief in 2013 following common pleas' determination in the Section 502(c)(2) hearing that a *de facto* taking had occurred. The Township maintains, however, that the amendment to Section 502 of the Code eliminated the need to file preliminary objections because common pleas is now required to determine whether a condemnation occurred in every case, whether or not preliminary objections are filed. Nonetheless, contrary to the Township's assertions, parties are still required to file preliminary objections in order to raise and preserve certain objections. *See* Section 504(d) of the Code, 26 Pa.C.S. § 504(d).[5] In any event, we need not decide here whether the Township waived any objections.[6] Our focus necessarily remains on whether the order at issue is interlocutory.

Pursuant to Pennsylvania Rule of Appellate Procedure 341(b), a final order is defined as one that disposes of all claims and of all parties, is expressly defined as a final order by statute or is entered as a final order pursuant to Pennsylvania Rule of

---

**4.** It also has been noted that, "[a]n order sustaining preliminary objections to the appointment of viewers is a final and appealable order, and the only remedy is an appeal, since the issue involved is whether there has been a taking." Snitzer, Pennsylvania Eminent Domain, Section 10.4, p. 431 (2012).

**5.** Section 504(d)(2) of the Code provides as follows:

> (2) Objections to the form of the petition or the appointment or the qualifications of the viewers in any proceeding or to the legal sufficiency or factual basis of a petition filed under section 502(c) (relating to petition for appointment of viewers) are waived unless included in preliminary objections.

26 Pa.C.S. § 504(d)(2).

**6.** The legislature has not provided much guidance as to how an order entered pursuant to Section 502(c)(3) of the Code meshes with the preliminary objection process. Pursuant to Section 1921(a) of the Statutory Construction Act of 1972, however, we are required to construe statutes, "if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a). Accordingly, notwithstanding the Township's failure to file preliminary objections, it would seem illogical to conclude that it waived an objection to a determination that a *de facto* taking occurred when the legislature, without any mention of preliminary objections, provided in Section 502(c)(2) of the Code that common pleas determine just that issue.

Appellate Procedure 341(c).[7] None of these conditions is present here. Further, while it is true that an order entered pursuant to Section 502(c)(3) of the Code may have the same practical effect as a denial of preliminary objections to a petition for appointment of viewers, only the latter "interlocutory" order is appealable as of right pursuant to Pennsylvania Rule of Appellate Procedure 311(e). Accordingly, in the absence of such a rule for orders entered pursuant to Section 502(c)(3) of the Code, we conclude that common pleas' August 2013 order is interlocutory.

For the above reasons, we quash the Township's appeal.[8]

### *ORDER*

AND NOW, this 6th day of January, 2015, the appeal of the Township of Fox in the above-captioned matter is hereby QUASHED.

---

7. Subsection "c" addresses situations where more than one claim for relief is presented or where multiple parties are involved.

8. In light of our determination that common pleas' order is interlocutory, we need not consider whether it erred in determining that a *de facto* taking occurred.