William Mayo,                                    :
                          Appellant             :    CASES CONSOLIDATED
                                                 :
          v.                                     :
                                                 :
John Doe, John Bager, John                       :    Nos. 1415 C.D. 2022
Garnett, John Martin, and                        :         122 C.D. 2023
Jamie Sorber                                     :    Submitted: December 4, 2023


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                                FILED: February 9, 2024


          In these consolidated matters, William Mayo (Mayo), *pro se*, appeals from an order of the Court of Common Pleas of Montgomery County (trial court) sustaining a preliminary objection on the basis of improper service and directing Mayo to effectuate service. Mayo also appeals from an order of the trial court dismissing his complaint with prejudice. John Doe, John Bager, John Garnett, John Martin, and Jamie Sorber (Sorber) (collectively, Appellees) also filed an application to revoke Mayo's *in forma pauperis* status. Upon review, we quash Mayo's appeal from the trial court's interlocutory order sustaining the preliminary objection, grant the application to revoke Mayo's *in forma pauperis* status, vacate the order of the trial court dismissing Mayo's complaint and remand the matter to the trial court to afford Mayo the opportunity to pay the requisite filing fees and costs.

## I. Background

In August 2022, Mayo filed a complaint against Appellees, requesting damages and declaratory relief on the basis of the following allegations. Original Record (O.R.) at 4. Mayo claimed that following his transfer to another prison in January 2021, the receiving prison failed to return two pairs of boots. *Id.* at 10-11. Mayo also asserted that in February 2021, a correctional officer left Mayo's tablet outside his cell overnight after syncing it "to the unit's kiosk," thereby causing the battery to be "circumvented" and ruining the tablet. *Id.* at 12. Lastly, Mayo contended that in June 2021, two prison employees slammed him to the ground after he complained about a delay in receiving his shower. *Id.* at 12-13. The trial court granted Mayo permission to proceed *in forma pauperis*.[1] *Id.* at 1.

In September 2022, Sorber[2] filed preliminary objections, asserting that Mayo failed to serve process on the Attorney General of Pennsylvania (Attorney General) in accordance with Pennsylvania Rule of Civil Procedure 422(a)[3] and

---

[1] Pennsylvania Rule of Civil Procedure 240 provides, in relevant part:

> (f) A party permitted to proceed in forma pauperis shall not be required to
>
> > (1) pay any cost or fee imposed or authorized by Act of Assembly or general rule which is payable to any court or prothonotary or any public officer or employee, or
> >
> > (2) post bond or other security for costs as a condition for commencing an action or proceeding or taking an appeal.

Pa.R.Civ.P. 240(f).

[2] Sorber is the superintendent of the State Correctional Institution at Phoenix. Sorber's Br. at 6 n.2.

[3] Pennsylvania Rule of Civil Procedure 422(a) provides that

Section 8523(b) of the Judicial Code,[4] 42 Pa.C.S. § 8523(b),[5] and demurring to Mayo's claims. O.R. at 87-96. Mayo thereafter filed a motion for sanctions pursuant to Pennsylvania Rule of Civil Procedure 1023.2, Pa.R.Civ.P. 1023.2. *Id.* at 2 & 168. On November 23, 2022, the trial court sustained the preliminary objection based on improper service, deemed the remaining objections moot, and ordered Mayo to complete service. *Id.* Mayo did not serve the complaint upon the Attorney General, but instead filed a notice of appeal from the trial court's order. *See* Notice of Appeal, 12/9/22.

Sorber also filed a motion to dismiss Mayo's complaint on the basis that Mayo has "three strikes" for purposes of Section 6602(f) of the Prison Litigation Reform Act (PLRA),[6] 42 Pa.C.S. § 6602(f).[7] O.R. at 2 & 187-92. On January 6,

---

> [s]ervice of original process upon the Commonwealth or an officer of the Commonwealth, or a department, board, commission or instrumentality of the Commonwealth, or a member thereof, shall be made at the office of the defendant and the office of the attorney general by handing a copy to the person in charge thereof.

Pa.R.Civ.P. 422(a).

[4] 42 Pa.C.S. §§ 101-9913.

[5] Section 8523(b) of the Judicial Code provides that "[s]ervice of process in the case of an action against the Commonwealth shall be made at the principal or local office of the Commonwealth agency that is being sued and at the office of the Attorney General." 42 Pa.C.S. § 8523(b).

[6] 42 Pa.C.S. § 6601-6608.

[7] This Court has explained previously that

> Section 6602(f)(1) of the PLRA[, 42 Pa.C.S. § 6602(f)(1)], entitled "Abusive litigation," and commonly referred to as the "three strikes" rule, authorizes a trial court to dismiss "prison conditions litigation" filed by a "frequent filer" prisoner if: (1) that prisoner has filed prior "prison conditions litigation;" and (2) three or more of those actions

2023, the trial court granted Sorber's motion and dismissed Mayo's complaint with prejudice on the basis of the "three strikes" rule. *Id.* at 2 & 336; Trial Ct. Op., 4/14/23 at 6. Several days later, the trial court denied Mayo's motion for sanctions. *Id.* at 337. Mayo filed a notice of appeal from the trial court's order. *See* Notice of Appeal, 2/3/23. This Court consolidated Mayo's two appeals.[8] Cmwlth. Ct. Order, 4/6/23.

In February 2023, Appellees filed an application to quash Mayo's appeal from the trial court's November 2022 order sustaining the preliminary objection on the basis of improper service and directing Mayo to effectuate service, asserting that the order was interlocutory and, therefore, non-appealable. Application to Quash at 2, ¶¶ 7-8 (citing Pa.R.A.P. 341; *May v. Doe*, 269 A.3d 1286, 1289, 1288-89 (Pa. Cmwlth.), *appeal denied*, 283 A.3d 173 (Pa. 2022); *Gerg v. Township of Fox*, 107 A.3d 849, 852-53 (Pa. Cmwlth. 2015); *Ross v. Cousin's*

---

have been dismissed under Section 6602(e)(2) of the PLRA[, 42 Pa.C.S. § 6602(e)(2),] for being "frivolous or malicious or fail[ing] to state a claim upon which relief may be granted[.]"

*Pew v. Mechling*, 929 A.2d 1214, 1217 (Pa. Cmwlth. 2007).

[8] In the section of his appellate brief titled "Order(s) That Appellant Is Appealing," Mayo identified the November 23, 2022 order of the trial court sustaining Sorber's preliminary objection on the basis of improper service and ordering Mayo to effectuate service, the January 6, 2023 order granting Sorber's motion to dismiss and dismissing Mayo's suit with prejudice, and the January 11, 2023 order denying Mayo's motion for sanctions. *See* Mayo's Br. at 4-5. Mayo's mention of the trial court's "final order" presumably refers to the court's January 6, 2023 order dismissing his complaint with prejudice. *See id.* Further, we note that Mayo did not file a notice of appeal from the January 11, 2023 order. Moreover, Mayo's appellate brief contains no argument with respect to this order; accordingly, it is waived. *See* Pa.R.A.P 2119(a) (stating that the argument section of the brief shall be divided into as many parts as there are questions to be argued, followed by such discussion and citation of authorities as are deemed pertinent); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived").

4

*Supermarkets* (Pa. Super., No. 883 EDA 2019, filed December 31, 2019), slip op. at 1 & 5-6).[9]  We issued an order stating that Appellees' application to quash would be decided with the merits.  Cmwlth. Ct. Order, 4/12/23.  In April 2023, Appellees filed an application to revoke Mayo's *in forma pauperis* status on the basis that Mayo has "three strikes" for purposes of Section 6602(f)(1) of the PLRA, 42 Pa.C.S. § 6602(f)(1).  Appl. to Revoke IFP Status, 4/7/23 at 2-4, ¶¶ 5-10 (citing *Brown v. Pa. Dep't of Corr.*, 58 A.3d 118, 121 (Pa. Cmwlth. 2012)).  Thus, Appellees requested that this Court direct Mayo to pay applicable filing fees and costs in order to proceed with his appeal.  *Id.* at 4, ¶ 10 (citing *Lopez v. Haywood*, 41 A.3d 184, 187 (Pa. Cmwlth. 2012)).  Mayo thereafter filed an answer requesting that this Court deny the application to revoke his *in forma pauperis* status, insisting that he "[does not] have any strikes," as he merely "lost" the cases cited by Appellees.  Answer, 4/18/23 at 4-5.  We issued an order stating that Appellees' application to revoke Mayo's *in forma pauperis* status would also be decided with the merits.  Cmwlth. Ct. Order, 4/25/23.

---

[9] Pennsylvania Rule of Appellate Procedure 126(b) provides:

> (1) As used in this rule, "non-precedential decision" refers to an unpublished non-precedential memorandum decision of the Superior Court filed after May 1, 2019 or an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008.

> (2) Non-precedential decisions as defined in (b)(1) may be cited for their persuasive value.

Pa.R.A.P. 126(b)(1), (2).

## II. Issues

On appeal,[10] Mayo argues that the trial court improperly "focus[ed]" on his "error" in "mistakenly fail[ing] to adhere to Pa.R.Civ.P. 422[] in an attempt to elude the fact that a[n] abuse of arbitrary discretion was manifested[.]" Mayo's Br. at 14. Further, Mayo renews his contention that although Sorber's motion to dismiss "mak[es him] appear to be a serial litigator that has three [] strikes," he in fact does not "have any strikes," as the cases cited by Sorber are merely ones which he "lost." *Id.* at 14-15. Moreover, Mayo asserts that his "access to the [C]ourt is constitutionally protected conduct that's govern[ed] by the scales of justice and not [Sorber's] misinterpretation of the three [] strike[s] provision[.]" *Id.* at 15. Mayo also maintains that this Court should "construe the filing of unrepresented parties liberally." *Id.* at 14. Thus, Mayo asks this Court to "overrule[]" the trial court's "final order" and remand this matter "with appropriate instructions." *Id.* at 15.

Sorber counters that the trial court did not err in sustaining his preliminary objection based on improper service, because Mayo failed to serve a copy of the complaint on the Attorney General. Sorber's Br. at 15 (citing Section 8523(b) of the Judicial Code, 42 Pa.C.S. § 8523(b); Pa.R.Civ.P. 422(a)). Further, Sorber notes Mayo's admission in his appellate brief that he "failed to adhere to [Pa.R.Civ.P.] 422." *Id.* at 16 (quoting Mayo's Br. at 14). Regardless, Sorber contends that because Mayo failed to effectuate service within the applicable

---

[10] Our review of the trial court's decision is limited to a determination of whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law. *Lopez v. Haywood*, 41 A.3d 184, 186 n.2 (Pa. Cmwlth. 2012) (citation and quotation marks omitted).

limitations period, his action is now time barred.[11] *Id.* at 17 (citing *Lamp v. Heyman*, 366 A.2d 882, 885 (Pa. 1976); *Devine v. Hutt*, 863 A.2d 1160, 1168 (Pa. Super. 2004); *Cahill v. Schults*, 643 A.2d 121, 123 (Pa. Super. 1994)).

Sorber also asserts that Mayo may not proceed *in forma pauperis*, as he has already incurred the following "three strikes" under Section 6602(f) of the PLRA, 42 Pa.C.S. § 6602(f): *Mayo v. Haines* (Pa. Cmwlth., No. 448 C.D. 2018, filed Feb. 7, 2019), and *Mayo v. Cowden* (Pa. Cmwlth., No. 640 C.D. 2018, filed April 5, 2019), which were dismissed as frivolous, and *Mayo v. SCI Greene's Administered Staff* (Pa. Cmwlth., No. 1192 C.D. 2018, filed May 13, 2020), which was deemed barred pursuant to the doctrine of sovereign immunity. Sorber's Br. at 12-13.[12] Sorber concedes that the trial court should have afforded Mayo the opportunity to pay the requisite filing fees and costs before dismissing his complaint. *Id.* at 19-20 (citing *Lopez*, 41 A.3d at 188; *Jae v. Good*, 946 A.2d 802, 809 (Pa. Cmwlth. 2008)). However, Sorber maintains that "this Court need not reach this issue at all," as Mayo has not served the Attorney General and the relevant limitations period for his claims has since lapsed. *Id.* at 21. Sorber, therefore, contends that this Court should affirm the trial court's dismissal on the alternative

---

[11] Sorber contends that Mayo "characterized" his first two claims as the negligent handling of personal property, and that these claims are governed by a two-year statute of limitations. Sorber's Br. at 18 (citing Section 5524(3), (7) of the Judicial Code, 42 Pa.C.S. § 5524(3), (7)). Thus, Sorber asserts that the limitations period for Mayo's personal property claims has expired, as the purported incidents giving rise to those claims occurred in January and February of 2021. *Id.* Moreover, Sorber maintains that the limitations period for Mayo's assault and battery claim was set to expire on June 16, 2023, several days after the filing of Sorber's appellate brief on June 12. *Id.* (citing Section 5524(a) of the Judicial Code, 42 Pa.C.S. § 5524(1)).

[12] Sorber acknowledges that he did not cite *Cowden* and *SCI Greene* as "strikes" for purposes of Section 6602(f) of the PLRA, 42 Pa.C.S. § 6602(f), before the trial court, but maintains that this inconsistency "is of no moment." Sorber's Br. at 18 & n.8 (citing *Brown v. James*, 822 A.2d 128, 130-31 (Pa. Cmwlth. 2003) (holding that "four alternative cases cited by [the r]espondent" for the first time on appeal were "sufficient to establish that [the inmate] . . . violated the 'three strikes' rule").

7

basis that Mayo's claims are time barred.  *Id.* (citing *Brown v. Beard*, 11 A.3d 578, 580 (Pa. Cmwlth. 2010)).

### III. Discussion

### A. Application to Quash

We agree with Sorber that the trial court's November 2022 order sustaining the preliminary objection relating to service constituted a non-appealable interlocutory order.  "Pursuant to Pennsylvania Rule of Appellate Procedure 341(b), a final order is defined as one that disposes of all claims and of all parties, is expressly defined as a final order by statute or is entered as a final order pursuant to Pennsylvania Rule of Appellate Procedure 341(c)."  *Gerg v. Twp. of Fox*, 107 A.3d 849, 852-53 (Pa. Cmwlth. 2015) (citing Pa.R.A.P. 341).  Here, through its November 2022 order, the trial court merely sustained Sorber's preliminary objection asserting improper service and directed Mayo to serve the Attorney General in accordance with Pa.R.Civ.P. 422(a) and Section 8523 of the Judicial Code, 42 Pa.C.S. § 8523.  Rather than comply with the trial court's directive, Mayo elected instead to appeal.  However, the order did not "dispose[] of all claims and of all parties."  Pa.R.A.P. 341(b)(1).  We, therefore, grant the request to quash Mayo's appeal from the trial court's non-final order.  *See also Ross v. Cousin's Supermarkets* (Pa. Super., No. 883 E.D.A. 2019, filed December 31, 2019), slip op. at 1 & 5-6 (holding that the trial court's order sustaining a preliminary objection due to the plaintiff's failure to effectuate service and dismissing the complaint without prejudice constituted a non-final order and quashing the plaintiff's appeal therefrom, explaining that "[f]or finality to occur, the trial court must dismiss with prejudice the complaint in full") (citation omitted); *see also May v. Doe*, 269 A.3d 1286, 1288-89 (Pa. Cmwlth.

8

2022), *appeal denied*, 283 A.3d 173 (Pa. 2022) (quashing appeal from interlocutory order sustaining demurrer and dismissing suit with leave to file amended complaint, holding that "[a]n order that sustains preliminary objections, but with leave to file an amended complaint, is generally considered to be interlocutory and not a final, appealable decree") (citation omitted).

### B. Dismissal of Mayo's Complaint

Mayo asserts that the trial court erred in dismissing his complaint, because he does not have any "strikes" for purposes of Section 6602(e)(2) of the PLRA, 42 Pa.C.S. § 6602(e)(2). *See* Mayo's Br. at 14-15. We disagree.

Section 6602(e) of the PLRA provides:

> **(e) Dismissal of litigation.–**Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation[13] at any time, including prior to service on the defendant, if the court determines any of the following:
>
> > (1) The allegation of indigency is untrue.
> >
> > (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

---

[13] Section 6601 of the PLRA defines "Prison conditions litigation" as "[a] civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison," further specifying that "[t]he term includes an appeal," but "does not include criminal proceedings or habeas corpus proceedings challenging the fact or duration of confinement in prison." 42 Pa.C.S. § 6601.

42 Pa.C.S. § 6602(e)(2).  Section 6602(f) of the PLRA, in turn, states:

> **(f) Abusive litigation.**–If the prisoner has previously filed prison conditions litigation and:
>
>> (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2);
>
> . . . .
>
> the court may dismiss the action. . . .

42 Pa.C.S. § 6602(f)(1).

Here, Sorber identified *Haines*, *Cowden* and *SCI Greene's* as prior prison conditions litigation qualifying as Mayo's "three strikes."  Contrary to Mayo's assertion that he merely "lost" these cases, each was in fact either dismissed as frivolous or deemed barred by the doctrine of sovereign immunity.  In *Haines*, this Court affirmed the trial court's determination that Mayo's complaint requesting a writ of mandamus to direct a correctional officer to cease chewing tobacco while serving food trays warranted dismissal as frivolous under Section 6602(e)(2) of the PLRA, 42 Pa.C.S. § 6602(e)(2). *See Haines*, slip op. at 1-6.  In *Cowden*, we affirmed the trial court's dismissal of Mayo's constitutional claims as frivolous under the same provision, where Mayo challenged the correctional institution's restriction of tomatoes, peppers and spices from his diet, when he had requested the exclusion of onions only. *See Cowden*, slip op. at 1-8.  In *SCI Greene*, we affirmed the trial court's grant of summary judgment in favor of state correctional institution employees on the basis of sovereign immunity in an action initiated by Mayo seeking the return or replacement of blood-stained sneakers, which were confiscated and destroyed after Mayo stabbed a correctional officer. *See SCI Greene*, slip op. at 3 &

22-23. Thus, because Mayo has "three strikes" for purposes of Section 6602(f)(1) of the PLRA, 42 Pa.C.S. § 6602(f)(1), he is not entitled to proceed *in forma pauperis*. *See McCool v. Dep't of Corr.*, 984 A.2d 565, 572 (Pa. Cmwlth. 2009) (explaining that "the consequences of the 'three strikes rule' deprive the prisoner of the ability to pursue his claim *in forma pauperis*").

Moreover, Mayo's invocation of the constitutional right of access to the courts does not secure *in forma pauperis* status. *See Jae*, 946 A.2d at 808-09 (citing *United States v. Kras,* 409 U.S. 434, 450 (1972) (rejecting an inmate's challenge to the constitutionality of the "three strikes" rule, explaining that "the right of access to courts is not absolute," that "requiring a prisoner to pay the filing fees that are imposed on all litigants in a civil case does not, standing alone, violate that prisoner's right of meaningful access to the courts," and, further, that "there is no fundamental right to proceed in court *in forma pauperis*")).

Sorber concedes that, rather than dismiss Mayo's complaint, the trial court should have revoked his *in forma pauperis* status and afforded him the opportunity to pay applicable filing fees and costs. *See* Sorber's Br. at 19-20. We agree. *See Brown v. Pa. Dep't of Corr.*, 58 A.3d 118, 121 (Pa. Cmwlth. 2012) (explaining that "[w]hen a plaintiff's *in forma pauperis* status is revoked [under Section 6602(f)(1) of the PLRA, 42 Pa.C.S. § 6602(f)(1)], a court may dismiss the plaintiff's complaint if the plaintiff thereafter fails to pay the filing fees and costs associated with the litigation"); *Lopez*, 41 A.3d at 187 (explaining that a prisoner deprived of *in forma pauperis* status by application of the "three strikes" rule "could . . . proceed by paying costs") (quoting *McCool*, 984 A.2d at 572); *see also Jae*, 946 A.2d at 809 (stating that the "three strikes" rule "does not prevent prisoners from

11

filing any number of civil actions challenging prison conditions [but] only restricts their ability to pursue such actions *in forma pauperis*").

Nevertheless, Sorber maintains for the first time before this Court that Mayo's failure to toll the relevant limitations periods by effectuating service on the Attorney General renders his action time barred. *See* Sorber's Br. at 17-18 & 20. However, as noted above, the trial court's November 2022 order directing service on the Attorney General constituted an unappealable interlocutory order; thus, the issue of whether Sorber failed to toll the applicable limitations periods is not properly before us. We, therefore, grant Sorber's application to revoke Mayo's *in forma pauperis* status pursuant to Section 6602(f) of the PLRA, 42 Pa.C.S. § 6602(f), vacate the trial court's January 6, 2023 order dismissing Mayo's complaint under the same subsection and remand the matter to the trial court to permit Mayo the opportunity to pay the requisite filings fees and costs. *See Brown*, 58 A.3d at 124-25 (affirming the portion of the trial court's order revoking the inmate's *in forma pauperis* status under Section 6602(f) of the PLRA, 42 Pa.C.S. § 6602(f), vacating the trial court's order insofar as it dismissed the inmate's complaint under the same provision and remanding the matter to the trial court to afford the inmate the opportunity to pay filing fees and litigation costs); *Lopez*, 41 A.3d at 189-90 (same).[14]

_____

[14] Should Mayo pay the requisite filings fees and litigation costs, the trial court may evaluate whether Mayo's action is nevertheless vulnerable to dismissal under Section 6602(e)(2) of the PLRA. *See* 42 Pa.C.S. § 6602(e)(2) (providing that, "[n]otwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines" that "[t]he prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief"); *see also Konya v. Dist. Att'y of Northampton Cnty.*, 669 A.2d 890, 892 (Pa. 1995) (stating that "[w]hether a court may disregard a litigant's defective service of process or violation of its order is vested within the sound discretion of that court").

## IV. Conclusion

For the foregoing reasons, we quash Mayo's appeal from the November 23, 2022 interlocutory order of the trial court sustaining the preliminary objection, grant Appellees' application to revoke Mayo's *in forma pauperis* status, vacate the January 6, 2023 order of the trial court dismissing Mayo's complaint and remand the matter to the trial court to order the Prothonotary to compile a list of filing fees and costs associated with this matter that Mayo is required to pay absent *in forma pauperis* status. The Prothonotary of the trial court shall provide that information to Mayo within 20 days of this Court's order, and the trial court shall order Mayo to pay those fees and costs within 60 days of his receipt of the information from the Prothonotary.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Mayo,                          :
                          Appellant   :   CASES CONSOLIDATED
                                       :
            v.                         :
                                       :
John Doe, John Bager, John            :   Nos. 1415 C.D. 2022
Garnett, John Martin, and             :          122 C.D. 2023
Jamie Sorber                          :


PER CURIAM

O R D E R

AND NOW, this 9th day of February, 2024, the appeal of William Mayo (Mayo) from the November 23, 2022 order of the Court of Common Pleas of Montgomery County (trial court) sustaining the preliminary objection filed by Jamie Sorber on the basis of improper service and directing Mayo to effectuate service is QUASHED. The application to revoke Mayo's *in forma pauperis* status is GRANTED. The January 6, 2023 order of the trial court dismissing Mayo's complaint with prejudice is VACATED, and this matter is remanded to the trial court to order the Prothonotary to compile a list of filing fees and costs associated with this matter that Mayo is required to pay absent *in forma pauperis* status. The trial court shall provide that information to Mayo within 20 days of this Court's order and shall order Mayo to pay those fees and costs within 60 days of his receipt of the information from the Prothonotary. The Prothonotary of this Court shall forward copies of this opinion and order to the trial court judge and the prothonotary of the trial court.

Jurisdiction relinquished.